## BOGGS v. UNITED STATES FIDELITY & GUARANTY CO. et al.

No. 19299. Opinion Filed Sept. 24, 1929.

Rehearing Denied Oct. 29, 1929.

John R. Miller and R. E. Stephenson, for claimant.

Owens & Looney and J. Fred Swanson, for respondents and insurance carrier.

SWINDALL, J. This is an original proceeding commenced in this court to review an order of the Industrial Commission of the state of Oklahoma denying claimant compensation on account of a changed condition of claimant subsequent to the original award. The Sapulpa Refining Company was the employer, and the United States Fidelity & Guaranty Company the insurance carrier, and the claimant was the employee, and the parties will be here referred to as claimant and respondent.

The record shows that the claimant had been employed by the Sapulpa Refining Company for about eight years prior to December 19, 1925, and on that date he was engaged in spraying paint on an oil tank for his employer and was accidentally thrown from a platform, 18 inches in width and 20 feet long, on which he was standing while engaged in said work. The claimant was thrown by the tilting platform at a height of about 25 feet above the ground, and landed on his shoulders and back, he was rendered unconscious and remained in a semiconscious state for several hours. He suffered injuries to his head, back, and hips. He was allowed compensation in May, 1926, and was paid compensation by the defendant in error until November 18, 1926, at which time the defendant in error discontinued payment of compensation as of said date and filed its application for legal authority to do so in said case. The application was heard by the Industrial Commission in April, 1927, and the discontinuance was approved as of November 18, 1926, by the order of the Industrial Commission entered in said cause on August 3, 1927. The Industrial Commission found by its order of August 3, 1927, that the claimant had recovered from the injuries received in the accident.

Thereafter, the claimant, on December 5, 1927, filed his application to reopen the cause, and as grounds therefor alleged that a change in his physical condition had occurred after August 3, 1927. The petition detailed the nature of the injuries then being suffered by the claimant, as the result of the change in his physical condition after August 3, 1927, and that he was then totally

disabled by his injuries. The petition came on for hearing before the Industrial Commission setting at Tulsa, November 27, 1928. Dr. Reese testified by deposition, in substance, that he was the family doctor of the claimant and had treated his family several years prior to December, 1925, and that he was called to attend the claimant within about one hour after the accident and he found the claimant in a semi-conscious state, that he was suffering from injuries to the head, shoulders, and back, and that the condition of the claimant at the Tulsa hearing was an exaggerated form of the injuries suffered by the claimant from the accident; that the trouble of the claimant was ossification of the cartilage pads between the vertebrae resulting from the injuries at the time of the accident, and that no cure was known in medical science for arrest of ossification, or for curing the malady; that the claimant could not walk without crutches and could not get up from his seat without his crutches. He examined the claimant three days before the hearing and he found claimant had no muscular control of his limbs, back, and hips, and that he could not get up the stairway by the aid of his crutches without someone to assist his body, because of the lack of muscular control, and claimant was then suffering total disability from said injuries.

Dr. Fish, an osteopath, testified by deposition, in substance, that he had treated the patient since October 1, 1927, and he was totally disabled when he first came to his office, and was then totally disabled; that he did not have muscular control of his limbs and body, and that he could not walk without crutches, and that claimant was unable to do work of any kind.

J. H. N. Cobb, Methodist minister of Sapulpa, testified that he had known claimant for several years prior to the accident, that he was sound and able-bodied prior to the accident, and since the accident claimant had reached the point where he could not walk without the aid of crutches, and that he had no muscular control of his feet and legs. That the claimant was unable to walk up the steps to the first floor without the aid of crutches, aided by someone to assist him up the steps, and that it was necessary to assist the claimant up the steps into the court room where the hearing was then being held.

There is no evidence showing that prior to the injury the claimant had ever sustained any other injuries or was afflicted with any disease or ailment that might result in ossification of the vertebrae, and there was no evidence offered that since the date of the injury the defendant had sustained any other injury or become afflicted with any disease likely to produce an ossification of the vertebrae.

There is no dispute that claimant sustained an accidental injury, and that as a result thereof he was entitled to, and did receive, compensation for a certain period of time, and there is no evidence of any probative value whatever that the ossification of the vertebrae of the claimant was not the result of the accidental injury received on December 19, 1925. The Commission denied motion of claimant to reopen the cause and award further compensation, and the claimant brought this proceeding to review that order.

It is the well-established rule of this court that the action of the Industrial Commission as to all matters of fact is final, if there is any competent evidence tending to support the same. However, this means competent evidence of probative force in support of or against the issue being heard, and does not mean that positive and convincing testimony is to be disregarded by this court or the Industrial Commission where there may be some evidence to the contrary based on mere speculation or conjecture, or an expert opinion, which is not founded upon the true facts of the case, or upon some issue that is not germane and pertinent to the question to be determined by the Commission, or by this court on review. When a claimant has established a prima facie case and shown conclusively that on and prior to a given date he was in good health, and that on that date he sustained a very serious injury as the direct and proximate result of an accident, and that the nature of his injury is such as is likely to result in ossification of the vertebrae, and that thereafter the vertebrae does become ossified, and there is no evidence offered that such ossification was caused or brought about by any other injury or disease, or that the claimant had suffered any other injury or was afflicted with any disease that was likely to result in ossification of the vertebrae, then, under such circumstances, neither the Commission or this court is authorized to enter the field of speculation or conjecture and hold that such injury was induced and brought about from some other cause, as the only natural and reasonable conclusion to be reached is that, where a change in condition is established by competent evidence, as was done in this case, such change resulted from the injury, because there is no other source to which it is traceable, and under the undisputed testimony it is traceable to the injury. Cases must be won or lost upon competent evidence of such probative force as

 

would cause ordinary and prudent persons to act thereon.

The opinion of the Industrial Commission is not based upon such testimony, and said cause is therefore reversed and remanded to the Industrial Commission, with directions to reverse the order denying compensation, and to hear such further testimony as either party may desire to offer on the issue of a changed condition, and take such further action as may be consistent with the views herein expressed.

MASON, C. J., LESTER, V. C. J., and HUNT, CLARK, RILEY, HEFNER, and CULLISON, JJ., concur. ANDREWS, J., absent.

Note.—See Workmen's Compensation Acts —C. J. §151, p. 132, n. 76.