## GREGORY v. OKLAHOMA OPERATING CO. et al.

No. 19332. Opinion Filed Nov. 5, 1929.

Fred M. Hammer, for petitioner.

John F. Butler, for respondents Oklahoma Operating Company, D. B. A. King's Laundry, and Casualty Reciprocal Exchange.

Edwin Dabney, Atty. Gen., and Ralph G. Thompson, Asst. Atty. Gen., for respondent State Industrial Commission.

MASON, C. J. This is an original proceeding in this court by the petitioner, May Gregory, to set aside and vacate an order of the State Industrial Commission in favor of the respondents, Oklahoma Operating Company, a corporation, D. B. A. King's Laundry, and Casualty Reciprocal Exchange, a corporation, wherein the petition was denied compensation under the Workmen's Compensation Law.

The Industrial Commission, after the claimant had introduced all her evidence, sustained the demurrer of the respondents to such evidence and entered final order denying the claimant any compensation. The Commission made findings as follows:

That the claimant sustained an injury on January 2, 1928, to the thumb and index finger of the right hand while in the employ-

ment of the respondent; that the claimant was operating a collar machine and that in order to run some nurses' caps through more readily, removed the covering from the machine; that the injury resulted directly, from the wilful failure of the claimant to use the covering or guard which was placed there for the protection of the operator; that the removal of the covering or guard from the machine was done against the rules of the laundry and without their knowledge or consent.

Counsel for petitioner herein contends that the Commission erred in sustaining said demurrer to the claimant's evidence. The test applied to a demurrer to the evidence is that all the facts which the evidence in the slightest degree tends to prove, and all inferences or conclusions which may be reasonably and logically drawn from the evidence, are admitted, and the court cannot weigh conflicting evidence, but must treat the evidence as withdrawn which is most favorable to the demurrant. Rose v. Woldert Grocery Co., 54 Okla. 566, 154 Pac. 531.

Applying the foregoing rule to the claimant's evidence, we find it discloses, substantially, the following facts:

The claimant, May Gregory, was an experienced worker in steam laundries and had been employed by the respondent on different occasions, totaling several years; that she had only been employed by the respondent for a very short period of time prior to the injury complained of; that during previous employment, she had been engaged principally in the operation of a collar machine which had affixed to it a top, lid, or what some witnesses designated a guard for the protection of the operator; that at the time of her injury, she was engaged in running nurses' caps through this collar machine. The evidence further discloses that no special machine was provided for these caps and that the cover or guard on the collar machine was too small to handle these caps without folding them; that in order to save the time of folding, and in order to better perform the work, the small guard on the collar machine was removed by the claimant while handling nurses' caps. The claimant testified that she never removed the guard while working on collars, but other employees removed the guard while working on these caps and that they instructed or advised her to do likewise; that while engaged in such work her right hand become caught in the machine and was injured, as found by the Commission.

No serious contention is, or could be, made that the evidence is not sufficient to entitle the claimant to compensation, unless the apparent contention of the Industrial Commission that the injury resulted directly from the willful failure of the claimant to use the cover or guard is meritorious.

The Commission, in sustaining the demurrer to the evidence, seems to have applied part of section 7285, C. O. S. 1921, as amended by section 3, chapter 61, Session Laws 1923, which bars an award, "where the injury results directly from the willful failure of the injured employee to use a guard or protection against accident furnished for his use pursuant to any statute or by order of the State Labor Commissioner"; and section 7229, C. O. S. 1921, which provides that in a factory or an institution where machinery is used, "all machines shall be provided with loose pulleys and all vats, pans, planers, cogs, gearing, belting, shafting, set screws and machinery of every description shall be properly guarded."

This question, however, was not properly presented and was not open for decision on demurrer to the evidence. The respondent had the burden of establishing such a defense or bar against the claimant's right to compensation by substantial evidence.

Under the provisions of section 7295, C. O. S. 1921, the presumption prevails, in the absence of substantial evidence to the contrary, that the injury did not result directly from the willful failure of the injured employee to use a guard or protection against accident furnished for his use pursuant to any statute or order of the Labor Commissioner. See, also, Wick v. Gunn, 66 Okla. 317, 169 Pac. 1087.

Any evidence offered by the claimant which might have sustained such defense was necessarily eliminated in considering the respondent's demurrer to the evidence. In addition to this, there was no evidence in the record to indicate that said top, lid, or guard met the requirements of any statute or any order of the State Labor Commissioner for the protection of the operator. The respondent would also have the burden of establishing that the failure to use such guard was willful, as defined in the case of Wick v. Gunn, supra, wherein the following rule is announced:

"Under that part of section 1, art. 2, ch. 246, Sess. Laws 1915, relieving the employer from liability for compensation to an injured workman, 'where the injury results directly from the willful failure of the injured employee to use a guard or protection against accident furnished for his use pursuant to any statute or by order of the State Labor Commissioner,' the mere voluntary and intentional failure of a workman to use such

safety appliance does not necessarily render the omission willful. The willful failure contemplated carries with it the idea of premeditation, obstinacy, and intentional wrongdoing."

We conclude, therefore, that the demurrer to the evidence was improperly sustained and that the finding of the commission that the injury resulted from the willful failure of the claimant to use a guard is not supported by any competent evidence.

The final order of the Industrial Commission sustaining the respondents' demurrer to the claimant's evidence and denying the claimant compensation must be, and the same is, hereby vacated, and the cause is remanded to the Industrial Commission, with instructions to grant a new hearing in said cause.

LESTER, V. C. J., and CLARK, RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. HUNT, J., absent.

Note.—See under (1) anno. 4 A. L. R. 127; 28 R. C. L. p. 789; 3 R. C. L. Supp. p. 1594. See "Trial," 38 Cyc. p. 1543, n. 68, 69. Workmen's Compensation Acts—C. J. §78, p. 87, n. 94.