## HALLIBURTON OIL WELL CEMENTING CO. et al. v. CRAWFORD et al.

No. 20706. Opinion Filed Feb. 4, 1930.

Rehearing Denied April 8, 1930.

Owen & Looney, J. Fred Swanson, and Paul N. Lindsey, for petitioners.

J. Berry King, Atty. Gen., Robt. D. Crowe, Asst. Atty. Gen., and A. G. Morrison & Sons, for respondents.

REID, C. In this case, the claimant was injured on July 19, 1928, while in the employment of the Halliburton Oil Well Cementing Company. The parties to this case will be hereinafter referred to as the claimant and the respondents as they appeared before the State Industrial Commission. Soon after the injury, payment of compensation to claimant was begun by the insurance carrier, and it is not contended that the injury is not compensable under the Workmen's Compensation Law (Comp. St. 1921, secs. 7282-7340, as amended).

On application of the claimant, a hearing was had before the State Industrial Commission on March 22, 1929. Claimant testified that he was injured by reason of a truck which he was driving, missing a bridge and falling 20 or 30 feet into a creek or canyon; that he was injured in the back and leg; that it was necessary to wear a steel brace on his back from his shoulders to his hips, and one on his leg from his hip down; that he was not able to use his back at all without the brace; that he was getting no better in either his back or leg, and that his knee had increased its tendency to fly out of its socket; that he was not able to do any manual labor; and that was the way he had to earn his living.

Two physicians offered by claimant each testified to the effect that from their examination of him, and from x-ray photographs, they found a jammed or impacted crushing fracture of the second lumbar vertebra; that the ligaments of one knee joint had been ruptured, which permitted a lateral motion of the knee; that the x-ray also disclosed two broken ribs, one with a displacement which would not heal. One of these physicians had examined claimant in the previous September, and also examined him about the time of the hearing. Each of these witnesses described the injuries in detail, and each was of the opinion that claimant was permanently totally disabled from the performance of manual labor. The Commission observed the condition of claimant. It seems that the x-ray pictures were introduced in evidence, as were also some made by respondents' witness, but none of them appear in the record.

At this hearing the respondents introduced the physician who treated the claimant for the insurance carrier. He detailed the injuries of claimant as he found them and the kind of treatment he had directed. He had also made x-ray photographs of the claimant. His evidence was in substantial agreement with that of the other physicians, as to the character of the injuries as first received, but it was his opinion that claimant's condition had improved and would continue to do so, and that he was not permanently totally disabled.

So that upon the whole evidence, it was conflicting as to the final effect of the injuries.

Upon the evidence taken at this hearing, the Commission, on April 8, 1928, entered its finding that the claimant was permanently totally disabled and ordered compensation paid accordingly.

On April 15th respondents filed a motion to vacate and set aside that order, and on the 29th of April, 1929, the Commission, in accordance with the request of respondents, ordered:

"That the order of the Commission made and entered herein on April 8, 1929, be and the same is hereby vacated, set aside, and the parties to the making of said order, and until a transcript of all testimony introduced on March 22, 1929, be made and the same reviewed by the Commission."

At the request of the respondents, further testimony was taken on July 25, 1929, at which time claimant offered the evidence taken at the previous hearing, and it was ordered considered. Respondents introduced the oral evidence of a physician who had examined claimant, and who also testified from x-ray photographs. He believed claimant's condition would improve; that he had a permanent disability of 30 per cent. to his back, and about 25 or 30 per cent. to his leg, and was not totally disabled from doing manual labor. The report of the physicians appointed by the Commission, and also a statement made by one who examined claimant at the request of the respondents, disclosed that these physicians found the same condition as to the injuries of the claimant as were found by all the others who examined him, except no mention of fractured ribs was made. It was their opinion that he had a 60 per cent. permanent disability of the knee and 30 per cent. disability to his spine. They did not say whether he was then, or would be, able to do manual labor. On the 10th day of August, 1929, the Commission entered an order reciting that hearings had been had on March 22 and July 5, 1929, and that, after reviewing all the testimony at the hearings and examining the record, recited that the injuries were received by claimant in the

course of and arising out of his employment, and it was found that he was totally and permanently disabled; and awarded compensation accordingly. It is from this order that the appeal is prosecuted by the respondents, here petitioners.

It is the contention of respondents, as we understand it, that the testimony of the physicians and claimant at the hearing on March 22, 1929, was not sufficient to support the finding of August 10, 1929, that claimant was permanently totally disabled, in the face of the evidence produced by the respondents at the hearing of July 5, 1929, to the effect that claimant's disability was only partial. Considering this suggestion, we have carefully examined all the evidence in this case. It would certainly be conceded that the evidence of the first hearing amply sustained the finding of the Commission, and this evidence, by order of the Commission, and without objection, was also considered at the last hearing. The last hearing was not one in fact to determine whether there had been a change in claimant's condition, as was done in the case of Boggs v. U. S. Fidelity & Guaranty Co., 139 Okla. 155, 281 Pac. 226. The latter hearing in this case was a retrial of the matter, and the respondents presented further testimony covering the whole case, which the Commission considered in connection with the evidence submitted at the first hearing. The testimony introduced by respondents at the latter hearing somewhat corroborated their witness at the first hearing.

However, as the whole evidence stood and was considered by the Commission on the final hearing, we find there is evidence to support the finding then made by the Commission that the claimant was permanently and totally disabled.

Under these circumstances, the order of the State Industrial Commission should be affirmed. And it is so ordered.

BENNETT, TEEHEE, FOSTER, and LEACH, Commissioners, concur.

By the Court: It is so ordered.