## SAPULPA REFINING CO. et al. v. BOGGS et al.

No. 20978. Opinion Filed April 29, 1930.

West, Gibson, Sherman, Davidson & Hull, for petitioners.

John R. Miller and R. E. Stephenson, for respondents.

REID, C. The claimant, Claude V. Boggs, was an employee of the Sapulpa Refining Company, a corporation, and, on December 19, 1925, while he was engaged in painting an oil tank for his employer, he fell from a scaffold on which he was working and sustained the injuries for which he sought compensation under the Workmen's Compensation Law of this state. In May, 1925, the State Industrial Commission, by an order, directed that compensation be paid him, and this continued until November 18, 1926, when payment was discontinued. The insurance carrier, United States Fidelity & Guaranty Company, and the employer, on November 29, 1926, filed a motion to have such discontinuance of compensation approved by the Industrial Commission. The motion was heard by the Commission in April and May, 1927, and the discontinuance of compensation was approved as of November 18, 1926, by an order of the Commission entered on August 3, 1927; the Commission finding that on the date the payments ceased, the claimant had recovered from the injuries received in the accident. On December 5, 1927, claimant filed his petition to reopen the cause, alleging a change in his physical condition after August 3, 1927, and that he had become totally disabled, and describing his condition. This petition was heard by the Commission, and on March 22, 1928, an order was made denying claimant's petition and refusing to reopen the case; whereupon claimant brought proceedings in this court to review that order of the Commission. Upon final consideration of the cause by this court, by an opinion of the court in the case styled as Boggs v. United States Fidelity & Guaranty Company, 139 Okla. 155, 281 Pac. 226, the cause was reversed, with directions to the Industrial Commission to reverse its order denying compensation to claimant "and to hear such further testimony as either party may desire to offer on the issue of a changed condition, and take such further action as may be consistent with the views herein expressed."

Pursuant to the foregoing decision, the State Industrial Commission, on the 18th and 19th days of November, 1929, with all interested parties present and represented by counsel, proceeded to take further testimony in the matter. On November 26, 1929, the Commission made an order finding that claimant had suffered a change in his physical condition after August 3, 1927, which had resulted in permanent total disability, and ordered that compensation be paid as of that date; and, further, that respondent pay claimant $57 as costs, incurred by claimant in his former appeal to this court, and in taking certain depositions. The insurance carrier and the employer brought this proceeding to review the foregoing order.

We think there are really only two questions presented by the petition to review: The first question is whether or not there is any evidence reasonably tending to support the finding and order of the Industrial Commission that the claimant suffered a change in his condition after August 3, 1927, that he had become permanently and totally disabled, and directing payment of compensation accordingly. In order to determine this question, it is necessary to look to the opinion of this court in the former review of this matter. The court, after reviewing the evidence, stated the substance of its holding there made on the legal effect of the evidence on the questions tried by the Commission in the body of the opinion as follows:

"When a claimant has established a prima facie case and shown conclusively that on and prior to a given date he was in good health, and that on that date he sustained a very serious injury as the direct and proximate result of an accident, and that the nature of his injury is such as is likely to result in ossification of the vertebrae, and that thereafter the vertebrae does become ossified, and there is no evidence offered that such ossification was caused or brought about by any other injury or disease, or that the claimant had suffered any other injury, or was afflicted with any disease that was likely to result in ossification of the vertebrae, then, under such circumstances, neither the Commission nor this court is authorized to enter the field of speculation or conjecture, and hold that such injury was induced and brought about from some other cause, as the only natural and reasonable conclusion to be reached is that where a change in condition is established by competent evidence, as was done in this case, such change resulted from the injury, because there is no other source to which it is traceable, and under the undisputed testimony it is traceable to the injury."

We are unable to escape the conclusion that the foregoing decision, when considered

in full, determines the question presented here.

In the syllabus of the case of Insurance Co. of N. A. v. Cochran, 59 Okla. 200, 159 Pac. 247, it was said:

"Where questions of law upon a state of facts have been settled upon a former appeal, and are based, in substance, upon the same evidence when again presented, the decision on the former appeal is the law of the case and binding upon this court."

The decisions by this court sustaining this general doctrine will be found cited in our recent opinion in the case of Kelly v. Okmulgee Gas Co., 128 Okla. 237, 262 Pac. 649. There will also be found the cases in which the court saw proper to reverse its former holdings; but for reasons not present in this case.

The Supreme Court of Arkansas, in the case of Maryland Casualty Co. v. Maloney, 178 S. W. 387, L. R. A. 1916A, 519, said in the syllabus:

"A ruling on appeal that the evidence was sufficient to warrant a recovery is binding on a second appeal upon substantially the same evidence."

The further amplification of the rule is made in 2 R. C. L. 227, wherein it is said:

"The general rule as to the law of the case applies with regard to questions as to the sufficiency of the evidence to prove a fact in issue, and when the case comes up for review a second time and the evidence is substantially the same, the former decision is conclusive"

—citing the case of Westfall v. Waite, 165 Ind. 353, 73 N. E. 1089, 6 Ann. Cas. 788, and note.

The courts, in deciding the precise question here presented, used in the syllabi of the opinions the following language in the respective cases, to wit:

"Where court of errors and appeals reversed a judgment for defendant based on a directed verdict, and held that the issues were entirely of fact and presented jury questions, a verdict for plaintiff on a subsequent trial cannot be reversed, where evidence for plaintiff is substantially the same as that upon the former trial." Brounworth v. Borough of Verona (N. J.) 115 Atl. 353.

"Where, on former appeal from nonsuit at close of plaintiff's evidence, court held that case should have been submitted to jury, on a second trial, where plaintiff's evidence was substantially the same as on the first trial, the case should have been submitted to the jury, no matter what the evidence

for defendant was." Clark v. Sweaney (N. C.) 97 S. E. 474.

On the trial of the case of Kenyon v. Illinois Central R. Co., 173 Iowa, 484, 155 N. W. 810, the court directed a verdict for the defendant at the close of plaintiff's testimony. On appeal the Supreme Court held that plaintiff's evidence made a prima facie case, and reversed the judgment. On a subsequent trial there was a verdict for plaintiff, and the defendant appealed. The court, in passing on the question presented by that appeal, said:

"The plaintiff's evidence is substantially the same on this trial as on the first trial. The finding of this court, therefore, that the evidence was sufficient, was binding on the trial court, on this court, and on the parties. If the plaintiff made a prima facie case then, she has made a prima facie case now.

"We note that the first 12 assignments of error relied on by the defendant for reversal involve the sufficiency of the evidence to justify the verdict and judgment. If plaintiff's evidence was sufficient to take the case to the jury, it cannot be said that there was not sufficient evidence to justify a verdict in favor of the plaintiff, if based on that evidence. We, therefore, in the consideration of this appeal, must assume that the evidence, on plaintiff's part, at the time plaintiff rested, was sufficient to make a prima facie case, and to justify the submission of the case to the jury on plaintiff's showing, and that, on her evidence, the jury might find a verdict for her, if they believed her witnesses' version of the transaction. We therefore are not called upon to review the record touching this point again. See Johnson v. City of Ames (Iowa) 171 N. W. 2, Bruce v. Galvin (Iowa) 171 N. W. 687; Kenyon v. Ill. Cent. R. Co. (Iowa) 173 N. W. 44."

The record in the case shows that each of the parties correctly understood that, upon remand of the cause, the evidence theretofore introduced should be considered by the Commission in connection with such further evidence as the respective parties might desire to offer, and the matter was so tried.

The claimant's evidence at the latter hearing was to the same effect as it was on the first hearing; that is, that his legs were completely paralyzed, and that his condition resulted from the injury received in the employment. It was the contention of the respondents that claimant was feigning his condition of paralysis, or that his apparent condition was not real, but imaginary. The respondents introduced testimony tending to establish such defense, and, as a whole, the evidence would have au-

thorized the Commission to find either way upon the question.

On the former appeal, this court held, in substance, that there was evidence sufficient to establish facts which would have entitled claimant to the award here made. As was said in the Iowa case, evidence, which is once held prima facie to establish certain facts, must be held on a subsequent hearing to establish the same facts. The rule applied to cases tried to juries operates with equal force to matters heard by the State Industrial Commission.

We now necessarily conclude that the evidence is sufficient to sustain the award in this cause.

The petitioners further contend that it was error for the Commission to assess against them, the respondent, and insurance carrier, the costs incurred by the claimant in taking depositions, and also costs incurred in the previous appeal to this court. No authority is cited to sustain this contention, and, as the order would seem to follow from the result of that appeal, we hold that the order was proper and a necessary part of claimant's expense in prosecuting his claim which should be paid by these parties.

For the reason stated, the finding and award of the State Industrial Commission should be and it is hereby affirmed.

BENNETT, LEACH, FOSTER, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 2 R. C. L. p. 224; R. C. L. Perm. Supp. p. 392. See "Appeal and Error," 4 C. J. §3091, p. 1110, n. 80. See "Appeal and Error," 4 C. J. §3091, p. 1110, n. 80. Workmen's Compensation Acts —C. J. §150, p. 131, n. 67.