## SUMMIT DRILLING CO. et al. v. GRAHAM et al.

No. 22596. Opinion Filed Nov. 17, 1931.

Rehearing Denied Jan. 12, 1932.

Roy V. Lewis and Miley, Hoffman, Williams & France, for petitioners.

Cooke & Jackson, G. G. McBride, and A. L. Jeffrey, for respondent Cass Graham.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondent State Industrial Commission.

CULLISON, J. This is an original proceeding in the Supreme Court to review an award of the State Industrial Commission rendered on June 19, 1931, in favor of Cass Graham, respondent herein. The respondent was injured in 1925, while in the employ of petitioner, and on January 16, 1926, re-spondent and petitioner entered into a stipulation and claimant signed receipt acknowledging the receipt of $324 in payment of the permanent partial disability sustained by claimant. Said stipulation was approved and award made by the Industrial Commission March 4, 1926.

Thereafter, on February 6, 1931, respondent filed a motion with the Commission to reopen said cause by reason of a change in condition. A hearing was had by the Commission, and the following award was made:

"Order.

"Now, on this 19th day of June, 1931, the State Industrial Commission being regularly in session, this cause comes on to be considered pursuant to a hearing had at Oklahoma City, Okla., April 27, 1931, before T. J. McConville, inspector duly assigned to hear said cause, to determine extent of liability, at which hearing claimant appeared in person and by his attorney, G. G. McBride, and the respondent and insurance carrier were represented by F. B. Jordon, Jr.,; and a subsequent hearing had, by agreement, at Oklahoma City, Okla., on May 1, 1931, before Inspector T. J. McConville, duly assigned by the Commission to conduct said hearing, to take further testimony, at which hearing claimant appeared in person and by his attorney, G. G. McBride, and the respondent and insurance carrier were represented by F. B. Jordon, Jr., and the Commission, having reviewed the testimony taken at said hearings, examined all records on file in said cause, and being otherwise well and sufficiently advised in the premises, finds:

"(1) That on the 18th day of July, 1925, the claimant was in the employment of said respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date sustained an accidental injury, arising out of and in the course of his employment, consisting of an injury to the left hand.

"(2) That the average daily wage of the claimant at the time of the said accidental injury was $6 per day.

"(3) That by reason of said injury the claimant was temporarily totally disabled from July 18, 1925, to September 30, 1925, or for a total of ten weeks beyond the five days' waiting period, for which he has been paid compensation at the rate of $18 per week or the total sum of $180.

"(4) That by reason of said accidental injury the claimant has sustained 20 per cent. permanent partial loss of the use of the left hand.

"Upon consideration of the foregoing facts: The Commission is of the opinion that the claimant is entitled to 40 weeks' compensation at the rate of $18 per week, or the sum of $720, less any amount heretofore

paid, on account of 20 per cent. permanent partial loss of the use of the left hand.

"It is therefore ordered: That within 15 days from this date the respondent or insurance carrier pay to the claimant the sum of $720, less any amount heretofore paid, on account of 20 per cent. permanent partial loss of the use of claimant's left hand, and respondent and insurance carrier to pay all medical, hospital, and doctor bills incurred by reason of said accidental injury. * * *" (R. 53, 54.)

The first proposition raised by petitioners is that the award is contrary to law in that the Commission made no finding that a change of condition had accurred since the previous award in 1926.

The record discloses that an award was made to respondent in 1926 for injury to the index finger of the left hand. Said disability was described as partial permanent disability, and respondent awarded $324 in payment thereof. (R. 8, 9.)

Respondent now asks to reopen said cause on the ground of change in condition and it becomes necessary that respondent prove that there has been a change in condition resulting from the original injury, and that said change in condition developed after the previous award made in said cause.

The award made by the Commission on June 19, 1931, does not recite or show that there has been any change in condition on the part of respondent. Neither is there any showing made that the Commission found sufficient change in condition to reopen the cause. The approval of the stipulation and the award made by the Commission March 4, 1926, is as follows:

"Order and Award.

"The Commission on this date being regularly in session, this cause comes on in its regular order to be considered pursuant to the stipulation and receipt filed by the parties herein, and the Commission having considered said stipulation and receipt, finds upon consideration thereof that the claimant herein is entitled to an award for compensation for disability resulting from an accidental injury sustained while in the course of his employment with respondent and arising out of same, and being particularly described in said stipulation.

"It is therefore ordered: That claimant herein be and he is hereby awarded compensation in the aggregate sum of $324, and it appearing that the claimant has heretofore received payments of compensation the total of which is a sum equal to that herein awarded,

"It is further ordered: That such payment be approved and credited in satisfaction of this award." (R. 9.)

It will be observed the award made March 4, 1926, was for permanent partial disability. Paragraph No. 3, order of the Commission, June 16, 1931, reads as follows:

"That by reason of said injury the claimant was temporarily totally disabled from July 18, 1925, to September 30, 1925, or for a total of ten weeks beyond the five days waiting period, for which he has been paid compensation at the rate of $18 per week or the total sum of $180."

Paragraph No. 4 provides:

"That by reason of said accidental injury, the claimant has sustained 20 per cent. permanent partial loss of the use of the left hand."

It will be observed that the Commission in its order of June 16, 1931, found in paragraph No. 4 that the claimant had sustained a permanent partial disability, not temporary. In the case of K. D. Oil Co. v. Datel, 145 Okla. 264, 292 P. 564, at page 568, this court said:

"If the Commission finds that there was a change in the condition of the respondent Ed Datel, after the former hearing and award, due to the original injury, it may allow the defendant such additional compensation by reason of said change in conditions after the former award as is authorized and provided for by the act."

Under this rule the Commission must find that there was a change in condition of respondent before it would be authorized in making a new award. Upon careful examination of the orders made, supra, there appears no finding of change in condition. Respondents cite in their brief in substantiation of the award of the Commission, the case of Wentz v. Brookshire, 150 Okla. 92, 300 Pac. 652, in which this court said:

"The Commission in its order found that the cause should be reopened and respondent awarded further compensation. The evidence supports this finding for the reason there was a change in respondent's condition for the worse."

In the case above cited, the record does show that the Commission found in its order that there was a change in condition, and for that reason the cause should have been reopened and respondent awarded further compensation. Nowhere in the award in the case at bar did the Commission make a finding that the cause should be reopened and the respondent rendered further compensation because of a change in condition.

Petitioner further contends that the award in purporting to apply a part of the payments made in 1926 for compensation for temporary total disability was contrary to

law. In the case of K. D. Oil Co. v. Datcl, supra, this court held:

"Where the Industrial Commission has awarded compensation for 25 per cent. permanent loss of the use of the left foot, and a motion is filed to review under section 7296, C. O. S. 1921, the Commission is without authority in a subsequent order on review to direct the compensation paid under said award to be applied as temporary total disability, but may increase or diminish such compensation on account of a change in condition, due to the original injury."

Under the stipulation and award rendered in 1926, respondent received $324 as payment for permanent partial disability to index finger of the left hand. (R. 8, 9.) In the order made on June 19, 1931, the Commission found that respondent was temporarily totally disabled from July 18, 1925, to September 30, 1925, for a period of ten weeks, for which he had been paid $180, and the Commission then ordered that he be paid the sum of $720 for his disability found to exist at the date of the second hearing, less any amount heretofore paid on account of the permanent partial loss of the use of respondent's left hand.

It appears that under the award of June 19, 1931, the Commission attempted to divide the award made in 1926 and state that a part of said award in the amount of $180 was for temporary total disability. This is in direct violation of the holding of this court in the K. D. Oil Company Case, supra. After the Commission finds that a change in condition has developed after the former award, the Commission can increase or diminish the compensation in accordance with the degree of change in condition since the former award, but the Commission cannot order compensation formerly paid as permanent partial disability paid for temporary total disability.

The Commission in its order of June 19, 1931, erred in holding that the $180 was for temporary total disability. The Commission in its order of March 4, 1926, found the claimant sustained permanent partial disability.

The award of June 19, 1931, and the order, is hereby set aside and held for naught.

The last proposition presented by petitioners is that the award for all medical expenses was contrary to law. The award of the Commission in question ordered that petitioner and insurance carrier pay all medical, hospital, and doctor bills incurred by reason of said accidental injury.

The testimony discloses that the injury occurred in 1925, and the last hearing in said cause was on April 27, 1931. At said hearing, respondent testified that he had consulted with a doctor "a couple of years ago" in regard to the condition of his finger and hand. That he never requested said medical treatment from the petitioners and they had no notice thereof.

Under the holding of this court in the case of Skelly Oil Co. et al. v. Barker et al., 132 Okla. 279, 270 P. 566, this court laid down the rule:

"The employer and insurance carrier are not liable for medical expenses incurred by employee, where the employee fails to request that said treatment be furnished by employer as required by statute."

Under the holding of the court and the testimony as enumerated, petitioners would not be responsible for medical treatment secured by respondent where he did not request the same from petitioners and gave them no notice that he was in need of medical attention, and they had no knowledge thereof.

That portion of the award ordering that petitioners pay the medical expense is contrary to law.

After a full and careful consideration of the record and the authorities, we hold that said cause should be remanded to the Industrial Commission for the purpose of making an award in accordance with this opinion.

RILEY, HEFNER, SWINDALL, ANDREWS, and McNEILL, JJ., concur. LESTER, C. J., and KORNEGAY, J., dissent. CLARK, V. C. J., absent.

LESTER, C. J. (dissenting). The claimant and the employer filed an agreed settlement before the State Industrial Commission based upon a partial permanent injury to the claimant's finger. The settlement was approved by the Commission. Thereafter the claimant filed a petition with the Commission alleging that a change of condition had occurred to claimant's hand since the settlement for injury to claimant's finger; that said change in condition of the hand was caused by injury to the finger.

In my judgment, the evidence before the Commission on claimant's change of condition warranted the award made by the State Industrial Commission. Also, in my judgment, the award should be modified and affirmed instead of vacating it in its entirety and remanding the same to the Commission.