### INCAS LEAD & ZINC CO. et al. v. MORGAN et al.

No. 23591. Opinion Filed Dec. 13, 1932.

Owen & Looney and Paul Lindsey, for petitioners.

Cooke & Jackson, G. G. McBride, and A.

L. Jeffrey, for respondent Harry E. Morgan.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondent State Industrial Commission.

SWINDALL, J. This is an original proceeding to review an order and award of the State Industrial Commission dated April 12, 1932.

On August 24, 1925, the claimant filed a claim with the Industrial Commission in which he alleged that on August 1, 1925, he sustained an accidental personal injury while working for the Incas Lead & Zinc Company, which he described in his claim as "weak back caused by previous injury, muscles torn and strained." Several months' compensation was paid by the employer, and on January 9, 1926, the petitioners filed a motion to discontinue compensation for the reason that the claimant was able to return to work on January 5, 1926, and praying that the employer be relieved from liability after said date. Several hearings were had on this motion, covering a period from March 16, 1926, to December 15, 1926. On August 3, 1927, the State Industrial Commission, upon consideration of the evidence offered at said hearings, among other things, found:

"(3) That the evidence fails to show that on January 5, 1926, claimant had recovered from said aforementioned accidental injury. That on December 15, 1926, at the time of the last hearing had in this case, claimant's disability had terminated, and that any disability suffered by claimant at that time was not due to said aforementioned accident."

Upon this finding the Commission rendered the following opinion and order:

"The Commission is of the opinion: By reason of the aforesaid facts, that motion of respondent and insurance carrier to discontinue compensation as of January 5, 1926, should be overruled, and that payment of compensation to claimant should be resumed at the rate of $16.35 per week from January 5, 1926, and paid up to December 15, 1926, and that compensation should be discontinued as of December 15, 1926, for the reason that any disability suffered by claimant at that time was not due to said accident.

"It is, therefore, ordered: That within ten days from this date the Incas Lead & Zinc Company or the United States Fidelity & Guaranty Company pay to claimant compensation from January 5, 1926, to December 15, 1926, being 49 weeks and one day, at the rate of $16.35 per week, amounting to $803.88, and that compensation be and the same is hereby discontinued as of December 15, 1926."

Following this order there is a receipt in the record by claimant for this sum and showing that with payments made prior to that date a total sum of $1,173.89 was paid on account of said injury. On May 16, 1931, a motion was filed by claimant to reopen, set for hearing, and application for lump sum settlement. This motion seems to have been based upon a change of condition of claimant since the date of the last hearing. Upon this motion testimony was taken, and on April 1, 1932, the Commission upon consideration of the evidence offered in support of the motion and of the record and proceedings theretofore had, among other things, found:

"(2) That claimant has heretofore been paid compensation for temporary total disability resulting from said accidental injury, as per the Commission's order of August 3, 1927, and receipt filed herein on August 19, 1927.

"(3) That the average wage of claimant at the time of said accidental injury was $27 per week, and since the filing of said order of August 3, 1927, and receipt of August 19, 1927, there has been a change for the worse in the condition of said claimant, which condition is permanent and by reason of which his wage-earning capacity, in the same employment or otherwise, has been reduced to $12 per week, being a decrease of $15 per week in wage-earning capacity on account of said injury and the permanent partial disability suffered by claimant as a result thereof.

"(4) That by reason of claimant's permanent partial disability as aforesaid, he is entitled to 66 2/3 percentum of the difference between his average weekly wage at the time of said accidental injury and his wage-earning capacity thereafter, payable during the continuance of such permanent partial disability, not to exceed 300 weeks; that his rate of compensation would, therefore, be $10 per week."

The Commission then entered its order in conformity with the facts as found by it, and the employer and insurance carrier have commenced this proceeding to review said findings and award.

The petitioners contend first that the Commission was not authorized to find that the money paid under the order of August 3, 1927, was for temporary total disability. We cannot agree with this contention. It appears that all compensation paid by the petitioners was paid for temporary total disability. However, the motion to discontinue compensation requested the Commission to determine the status of the claimant, and that the petitioners be permitted to discontinue compensation to respondent Harry E. Morgan, as of January 5, 1926,

which motion the Commission refused, but did find from the evidence, "that, on December 15, 1926, at the time of the last hearing had in this case, claimant's disability had terminated, and that any disability suffered by the claimant at that time was not due to the aforementioned accidental injury," and fixed the status of the claimant on December 15, 1926. Compensation was paid to that date and discontinued thereafter in accordance with the order of the Commission.

Petitioners' second proposition is that the order of August 3, 1927, was final and binding and the Commission had no jurisdiction to award further compensation except upon the ground of a change in conditions, and there is no evidence to show a change in conditions since August 3, 1927, which is due to the original injury. We think this contention is well taken. We have carefully searched the record for evidence to show that the condition of the claimant was worse after December 15, 1926, as a result of the original compensable injury. The claimant was injured several times before he was employed by the Incas Lead & Zinc Company. Also, after his employment by that company he sustained accidental injuries on July the 7, and 13, 1925. These injuries were in the region of his body where the injury of August 1, 1925, affected him. No claim for compensation was filed by the claimant for the injuries of July 7, and 13, 1925, and the petitioners are not liable for compensation for such injuries in the absence of proof that they were aggravated or accelerated by the injury for which compensation was allowed. The evidence shows that when testimony was taken on the motion of petitioners to discontinue compensation, the claimant testified in his own behalf, and according to his testimony he had not been able to work since the date of the injury, but under the findings of the Commission that any disability suffered by the claimant on December 15, 1926, was not due to the accidental injury of August 1, 1925, it is difficult for the claimant to show that he has had a change in conditions for the worse. He attempted to establish by the evidence on the motion to discontinue compensation that he was physically unable to work. He did testify that his condition was worse at the time of the hearing on the motion to reopen on the grounds of a change in conditions than it was before the Commission entered its order of August 3, 1927, but the facts as testified to by him and the other witnesses do not show a change in his condition for the worse. Before the State Industrial Commission is warranted in finding that there has been

a change in the conditions of the claimant for the worse, the evidence must show a change in the physical condition of claimant resulting from the original injury which decreases his earning capacity. The burden was on the claimant to show by competent evidence that his condition had grown worse and that the change was the result of the original injury. When we read the testimony describing his physical condition and symptoms prior to the findings made by the Commission August 3, 1927, and his testimony describing his condition after that date, there is no material change. He testified at the hearing to discontinue compensation that he was unable to work and that he had sharp pains originating in the region of his back where he claims he was injured and running around in front and down into his testicles; that the pain was so severe at times he could not work for awhile. At page 32 of the transcript at the hearing on the motion to discontinue compensation, the following question was propounded to claimant:

"Q. State whether or not at the present time you are able to work."

And he gave the following answer:

"A. Well, according to my belief I am unable to work for the simple reason that what light work I do around the house, such as carrying water, or if I make a quick move, I have sharp pains through my back coming from the front and running down to the testicles."

And at page 54 of the record the following question and answer:

"Q. Have you been able to do any work since this injury? A. No, sir."

On the motion to reopen on the ground of a change in condition, the claimant testified that he still had pains similar to the ones disclosed at the time he testified at the hearing on the motion to discontinue compensation, and further testified showing he has performed labor for a number of persons since compensation was discontinued. His failure to work appears to be due more to the fact that work is scarce than to his incapacity to perform work. This is an unfortunate condition, but is not one which entitles the claimant to compensation under the Workmen's Compensation Law. Dr. Shaw testified that in his opinion the claimant had 20 per cent. permanent disability, but he did not examine the claimant until 1931, and bases his expert opinion upon a history of the claimant's condition, which included not only the injury of August 1, 1925, but also other injuries sustained by claimant.

In Hughes Motor Co. v. Thomas, 149 Okla. 16, 299 P. 176, we held that:

"On the motion to reopen on the ground of a change of condition, the burden is on the claimant to prove: First, the change of condition; and, second, that the change of condition was the result of an original compensable injury."

There are other errors assigned by the petitioners, but they involve the order fixing compensation, and, under the view we take of the case, it is not necessary for us to consider the same.

The award is vacated.

RILEY, HEFNER, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.

Note.—See under (1, 2) annotation in L. R. A. 1916A, 163; L. R. A. 1917D, 187; 40 A. L. R. 1474; 28 R. C. L. 812, 823, 827; R. C. L. Perm. Supp. pp. 6239, 6246, 6247, 6251; R. C. L. Pocket Part, title "Workmen's Compensation," §§ 99, 115.