# ROSE v. CHAMPLIN REFINING CO. et al.

No. 28585.　Dec. 6, 1938.

Rehearing Denied Jan. 17, 1939.

Fred M. Hammer and Major J. Parmenter, for petitioner.

Nathan Scarritt, E. S. Champlin, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by James M. Rose, hereafter referred to as petitioner, to obtain a review of an order made by the State Industrial Commission on April 11, 1938, and which denied him an additional award against Champlin Refining Company, hereafter referred to as respondent.

The record herein shows that petitioner, while in the employ of the respondent and engaged in an employment defined as hazardous by the Workmen's Compensation Act (O. S. 1931, section 13348 et seq. as amended, 85 Okla. St. Ann. sec. 1 et seq.), on March 26, 1930, sustained an accidental personal injury; that he was given medical attention and hospitalization and paid compensation in the aggregate sum of $391.-74 for his resulting temporary total disability and that he thereafter applied for and was awarded on April 3, 1931, further compensation in the sum of $600 on account of disfigurement which had resulted from his injury and that he thereafter applied for and obtained on April 21, 1932, an award for permanent partial disability at the rate of $8 per week for a period not to exceed 300 weeks under the "other cases" provision of section 13356, O. S. 1931, 85 Okla. St. Ann. sec. 22, which award was paid to and received by him in due course,

the last payment thereunder being made November 27, 1937, and that thereupon on January 22, 1938, the petitioner applied to the State Industrial Commission to reopen his case and to award him additional compensation on the ground of a change in his condition for the worse since the last prior award of the commission. The State Industrial Commission, after hearing the evidence offered by the petitioner in support of his claim, found that it was insufficient to establish a change in his condition as a result of the accidental injury of March 26, 1930, which would authorize an additional award of compensation, and denied petitioner's motion.

The petitioner contends that, since the respondent interposed a demurrer to his evidence, the action of the commission amounted in effect to an order sustaining such demurrer and that such action by the commission was not permissible, citing in support of the contention so made the case of Gregory v. Oklahoma Operating Co., 139 Okla. 243, 282 P. 139. An examination of the above case shows that it merely held that a demurrer to the evidence was there improperly sustained by the Industrial Commission on the facts shown, and in no manner does it deny the authority of the Industrial Commission to sustain a demurrer to the evidence of the claimant in a proper case. In the recent case of Banning v. Peru-Laclede Syndicate, Inc., 179 Okla. 382, 65 P.2d 976, this court discussed at some length the effect of a demurrer to the evidence before the State Industrial Commission, and we deem it unnecessary to repeat what was there said. The petitioner was seeking to reopen his case upon an alleged change in condition and had the burden of proving that he had undergone a change in his physical condition since the last prior order or award of the State Industrial Commission and that such change had lessened his ability to labor and perform work and had resulted from the original injury. Deep Rock Oil Corp. v. Evans, 167 Okla. 66, 28 P.2d 7; Shell Pet. Corp. v. Patton, 167 Okla. 246, 29 P.2d 86; Incas Lead & Zinc Co. v. Morgan, 161 Okla. 33, 17 P.2d 370; Texas Co. v. Atkinson, 178 Okla. 480, 62 P.2d 1204; Wilcox Oil & Gas Co. v. Satterfield, 178 Okla. 418, 63 P.2d 696; Barnsdall Oil Co. v. State Ind. Comm., 178 Okla. 289, 62 P.2d 1031; Brown Bros. v. Parks, 176 Okla. 615, 56 P.2d 883; Wetherbee Electric Co. v. Collier, 180 Okla. 473, 71 P.2d 312.

Where the State Industrial Commission has made an award for permanent partial

disability under the "other cases" provision of section 13356, supra, it cannot thereafter make an additional award without finding that there has been a change in condition. Wadsworth Coal & Mining Co. v. Tidwell, 147 Okla. 22, 294 P. 1092; Roxana Pet. Corp. v. Hornberger, 150 Okla. 257, 1 P.2d 393; Summit Drilling Co. v. Graham, 154 Okla. 64, 6 P.2d 693. In this respect the case at bar differs from the situation presented in the case of Boggs v. United States F. & G. Co., 139 Okla. 155, 281 P. 226 (cited and relied upon by the petitioner), since there the only prior award had been for temporary total disability. No proof of change in condition is required in order to authorize the commission to make an additional award where the only prior award was for temporary total disability.

The evidence of the petitioner showed no change in his physical condition except that which the intervening years and a subsequent independent accident had wrought and no appreciable change in his ability to labor or perform work since the last prior award of the State Industrial Commission in his favor and that the only change which had occurred in his condition was that described by the medical witness for the petitioner as a change in personality and morale.

As pointed out by this court in the recent case of Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P.2d 847;

"The State Industrial Commission is at liberty to refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence, nor is it required to give credence to the greater amount of evidence as against the lesser."

Since the petitioner failed to establish a state of facts which would have justified the State Industrial Commission in making him an additional award, and the order made by the commission appears to be based upon full consideration of all the records, evidence, and proceedings on file before it, we are of the opinion that the order is supported by competent evidence in the record, and therefore should not be disturbed by this court.

Order sustained.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, CORN, and HURST, JJ., concur. GIBSON and DAVISON, JJ., absent. DANNER, J., not participating.