## DEEP ROCK OIL CORP. et al. v. EVANS et al.

No. 24804. Nov. 28, 1933.

Rehearing Denied Dec. 19, 1933.

Rainey, Flynn, Green & Anderson and M. M. Gibbens, for petitioners.

Murrah & Bohanon and J. I. Gibson, for respondents.

SWINDALL, J. This is an original proceeding to review an award of the State Industrial Commission entered on May 29, 1933, in favor of William E. Evans, claimant, against the Deep Rock Oil Corporation, H. N. Greis and E. H. Moore, receivers, successor to Shaffer Oil & Refining Company, employer.

The record shows that claimant received an accidental personal injury December 4, 1926, while engaged in running a drilling cable in an oil well for the employer when his left thumb caught between the cable and the bull wheel shaft. He was taken to a doctor, and shortly thereafter the distal end of his left thumb was amputated "posterior to first joint." On February 10, 1927, the parties filed a stipulation and receipt with the Commission showing the.

injury, extent of disability as "amputation of first phalange," and payment of $540 in satisfaction therefor. On February 24, 1927, the Commission entered its award approving the stipulation and receipt and ordering compensation paid for a period of 30 weeks, in the aggregate sum of $540, and ordering a report within 30 days showing compliance. On March 2, 1927, the Commission, without reference to the former award, entered its award approving the stipulation and receipt and awarding compensation in the sum of $540, and stating that, "it appearing that the claimant heretofore received payment of compensation in the total of which is a sum equal to that herein awarded," it is ordered, "that such payment be approved and credited in satisfaction of this award." Thereafter, March 10, 1927, claimant was ordered to appear before Dr. Curt von Wedel for examination. Claimant did not comply with this order. No further steps were taken in the cause until September 22, 1932, when claimant filed a motion to reopen on the grounds of a change in conditions, and on the ground that the former award determined only temporary total disability. Supplemental motions were filed, the last November 21, 1932. A hearing was held before Inspector Matchett, for the Commission, on April 28, 1933, at which claimant testified and introduced in his behalf testimony by Dr. G. W. Brown, who examined claimant September 29, 1932, and April 28, 1933, for the purpose of preparing himself to testify. Claimant was referred to Dr. Benjamin Davis, the attending physician and the one who performed the amputation, for examination, and by agreement of counsel his report was received in evidence. Thereafter the Commission entered the award complained of, in which it made, among others, the following findings of fact:

"(3) As a result of the said injury the claimant was paid compensation in the amount of $540 upon stipulation and receipt, dated February 4, 1927, and that thereafter the State Industrial Commission made two orders in said cause, one dated February 24, 1927, the other dated March 3, 1927, each of said orders provide that the respondents pay to the claimant the sum of $540, or a total sum of $1,080. * * *

"(5) The Commission further finds that the claimant, since the date of the execution of stipulation and receipt, and the orders issued thereon, has suffered a change of condition to the thumb and stub of the left hand, as a direct result of said accidental injury, and that he now has a total loss of use of said thumb and stub; and is entitled by reason thereof to 60 weeks compensation at the rate of $18 per week, or a total of $1,080, less the sum of $540 heretofore paid, or said claimant is entitled to the sum of $540."

The Commission stated as its opinion that the claimant had 50 per cent. permanent partial loss of use of his left thumb at the time of the stipulation and receipt and at the time of the two described orders, and that the former orders were issued on the one stipulation and receipt; that the claimant, by reason of the change in conditions found, was entitled to $540, and awarded compensation accordingly.

Petitioner asserts as grounds for vacating said award four propositions:

"(1) The award is conflicting and inconsistent; (2) the orders of the Industrial Commission dated February 24, 1927, March 2, 1927, and March 10, 1927, are not appealed from, and are therefore final and conclusive as to the amount of compensation recoverable by claimant, unless he establishes a change of condition resulting from the injury; (3) the Commission erred in admitting incompetent and prejudicial evidence offered by claimant over the objection of the respondent; and (4) the evidence fails to establish a change of condition in claimant's thumb, resulting from the injury, and the Commission did not have authority to make an additional award."

We think the third finding ambiguous, but not inconsistent with the Commission's further findings, opinion, and award. The words, "total sum of $1,080," may be read as explanatory of the amounts fixed by the two orders, and not as meaning that the orders were cumulative. Interpreting them as cumulative would not be supported by the record. Both orders were issued upon the one stipulation and receipt which fixed the injury at "amputation of first phalange" of the left thumb. It appears from the face of the orders that the second was made to correct the first wherein it ordered $540 paid, by showing such sum already paid, in conformity with the receipt attached to the stipulation.

Petitioner's next three contentions may be considered together. At the date of the last award, March 2, 1927, the Commission had before it and adjudicated the then extent of permanent injury and disability to claimant's left thumb. This court has frequently held that:

"When it has done this, its adjudication, in the absence of review, is final and it

cannot thereafter change its findings so long as the same condition remains, nor in any event change them except in conformity with the changed condition." Southern Drilling Co. v. Daley, 166 Okla. 33, 25 P. (2d) 1082.

This finality refers not only to the physical condition but also to the disability arising therefrom. Physical disability is the compensable factor. And for a claimant to recover additional compensation on a change in physical condition, it must appear that such change has resulted in additional disability. Noble Drilling Co. v. Link, 161 Okla. 238, 17 P. (2d) 971. In determining whether there has been such change since the former award, we are not confined to the condition then found by the Commission to have been existing, but may consider evidence of what the condition was in fact. We explained the reason for this in Southern Drilling Co. v. Daley, supra. Litigants are required to be diligent, and it is presumed that qualified experts will know as much of the condition as can then be known. To hold otherwise would make the litigation uncertain and interminable. Thus it is that when we come to determine the question of a change in conditions, it is permissible to show by evidence that the condition then was not what the Commission adjudicated it to be, but was the same as it is now. The purpose of such evidence is to show that the condition should have been proved. For this same reason, we may look to the evidence which was produced to see if it was not then presented or if the condition now asserted was not asserted then. The proposition to be established is that the condition now asserted has been adjudicated.

From an examination of the record in the case at bar, we find the undisputed evidence showing that at the time of the last award the claimant's left thumb had been amputated "posterior to first joint." Section 13356, O. S. 1931, subdivision 3, in part, provides:

"Phalange of Thumb or Finger: The loss of the first phalange of the thumb or finger shall be considered equal to the loss of one-half of such thumb or finger, and compensation shall be one-half of the amount above specified; the loss of more than one phalange shall be considered as the loss of the entire thumb or finger. * * *"

This section transforms the question of percentage of loss of a thumb or finger from one of fact and fixes a definite sum to be paid the employee for the loss of "more than one" phalange. The loss of "more than one" phalange of a thumb must be considered as the loss of the entire thumb. That is, though the physical loss be less than the entire phalange, the disability is fixed by law at the complete loss thereof. Thus, at the time of the last award in this cause, claimant had suffered a loss of his entire thumb. That being so, when the award was made for the loss of the distal phalange, such award was erroneous, but, in the absence of fraud in procuring the agreed statement of fact, under section 13360, O. S. 1931, or of proceedings to review, became final. The change in conditions now asserted is based upon a weak showing that the stub of the second phalange of the thumb has become sore and tender and no showing that the same is permanent. Since, however, we are required as a matter of law to treat the former condition as entailing disability of the entire thumb, claimant cannot as a matter of law suffer a change in conditions therein resulting in any additional disability to the thumb, and cannot, therefore, recover additional compensation for such change in physical condition as he may have undergone.

For the foregoing reasons, the award of the State Industrial Commission involved herein is vacated.

CULLISON, V. C. J., and ANDREWS, McNEILL, and WELCH, JJ., concur. RILEY, C. J., and OSBORN, BAYLESS, and BUSBY, JJ., absent.