## SHELL PETROLEUM CORPORATION v. PATTON et al.

No. 24455. Jan. 9, 1934.

Rehearing Denied Jan. 30, 1934.

Joe T. Dickerson, Geo. W. Cunningham, Fred D. Leonard, and Stuart R. Carter, for petitioner.

H. M. Shirley, Bruno Mayer, J. Berry King, Atty. Gen., and Robt. D. Crowe, Asst. Atty. Gen., for respondents.

BAYLESS, J. J. C. Patton, hereinafter called claimant, suffered an accidental personal injury alleged to have arisen out of and in the course of his employment with Shell Petroleum Corporation, and this company petitions for a review of an award made claimant upon a change in conditions, and it will be referred to herein as petitioner.

The claimant filed a claim for compensation nearly one year after the date of the alleged injury to his stomach, and after he had exhausted the benefits of two health policies under which he was paid insurance upon a claim of ulcers of the stomach. The petitioner defended on the ground that disease, rather than an injury, was the cause of the disability.

A hearing was had, and the claimant testified concerning the accidental injury and its disabling effects upon him. He testified that he was entirely disabled to perform labor. This hearing was continued to a future date. On that date the parties presented an "agreement between employer and employee as to the facts with relation to an injury and payment of compensation therefor," the pertinent portion of which reads:

"It is agreed by and between the claimant and the respondent and insurance carrier that there is a controversy between the claimant and respondent and insurance carrier as to whether the claimant's disability is the result of an accident or is the result of disease; that claimant alleges he was injured on June 29, 1928; that he layed off for a short time and during that period drew health insurance; that he returned to work and continued working thereafter and again layed off and claimed health insurance for a certain period; that he returned to work and was layed off due to reduction in force of the employer on May 17, 1930.

"It is further agreed by and between the parties hereto that the claimant has not been paid any compensation and that the testimony heretofore taken in this case may be considered as evidence in this hearing and that the report of Dr. Nagle of March 1, 1930, may be considered as evidence in this case.

"It is further agreed by and between the parties hereto that the respondent has offered to pay to claimant in a lump sum in settlement of all claims for temporary or permanent disability now existing the sum of $700 and the claimant has agreed to accept said sum.

"It is further agreed that this settlement is made under and in accordance with all of the provisions of Form 14 and section 7296, C. O. S. 1921.

"Now, therefore, in consideration of the respondent and insurance carrier paying to claimant the sum of $700, the claimant releases and discharges the respondent and insurance carrier of and from all claims he may now have either for temporary or for permanent disability that now exist on account of said alleged injury."

Claimant testified at this hearing that he was not able to do a day's work. In the meantime, he had been examined by Dr. P. S. Nagle of the Von Wedel Clinic, who rendered a written report to the Commission which was admitted in evidence by stipulation. The symptoms given by the claimant to this doctor did not refer to an accidental personal injury. No mention of an acciden-

tal personal injury was made in the report, nor were any of claimant's symptoms, including malignancy, attributed to an injury. While this report did not in any wise support the claimant's claim, it satisfied the requirements of reasonable caution that settlements between employees and employers should be approved only after some medical testimony.

Based upon the agreement of settlement, and doubtless in consideration of the other matters herein mentioned, the Commission awarded the claimant under an award as follows:

"Now, on this 17th day of November, 1930, the State Industrial Commission being regularly in session, this cause comes on to be considered pursuant to agreement entered into by and between claimant and respondent and insurance carrier, as to the facts with reference to an injury sustained by claimant on June 29, 1928, and the payment of compensation therefor; and the Commission having considered said agreement, finds: That claimant is entitled to an award for compensation for disability resulting from said accidental personal injury sustained in the course of and arising out of his employment with respondent, being particularly described in said agreement.

"It is therefore ordered: That claimant be and he is hereby awarded compensation in the amount of $700 for temporary total and permanent partial compensation as result of aforementioned accidental injury.

"It is further ordered: That the agreement entered into and between the parties herein be and the same is hereby approved; said cause to be subject to the continuing jurisdiction of the Commission on change of condition."

The claimant was informed at the time of the hearing on this agreement, although he insisted that he was unable to work, that this award was not a final determination of his claim, but that if his condition became worse he might reopen upon such a showing. The agreement between the parties was intended to cover "all claims for temporary or permanent disability now existing. * * *" If the claimant's condition resulted from an accidental personal injury and could be supported by medical testimony, he was entitled to more money than he settled for. There can be no further question about the claimant's condition resulting from an injury, rather than disease, because by this stipulation the petitioner consented, in effect, that pensation Law, rather than disease, caused the condition. The order made by the Coman injury within the meaning of the Com-

mission and all of its effects are final and binding upon all of the parties because no appeal was taken therefrom.

This award was dated November 17, 1931, and payment was made on that day. On March 12, 1932, a motion to reopen on a change of condition was filed by the claimant. At a hearing of this motion the claimant testified that his condition was worse than at the time of the former award, but upon being pressed for particulars in this respect, he said the sum total of his change in condition was that he suffered greater pain and misery now than then. He still insisted that he was unable to do a day's work at this time and had never been able to do a day's work since about June 9, 1930, when he quit work on account of the injury. Dr. C. C. Shaw testified he had examined claimant just prior to this hearing and since the former award, and found him to be totally and permanently unable to work. This doctor then took up a series of X-ray pictures and showed by them that a man in the condition represented by them was totally and permanently incapacitated to perform labor. We do not know whether the doctor knew at the time he testified from these pictures when they were made or not, but the record shows that they were made prior to the former award. Therefore, his testimony, instead of showing a change in conditions since the former award, shows the existence of permanent total disability at the time of the former award and now. Dr. P. S. Nagle testified that there was no change in claimant's condition then and now. Dr. Jacobs finds nothing in the claimant's present condition attributable to an injury. Dr. O. H. Cowart finds his objective symptoms, which he diagnosed then and now as ulcers of the stomach, to be better now than formerly; and is of the opinion that claimant is as able to work now as he was at the time of or before the former award. This record does not contain evidence to support a finding of a change of condition since the former award.

The most that can be said for claimant's own testimony is that he has greater physical sufferings than formerly. Physical pain and suffering are not compensable; only physical disability to labor is compensable. Texas Co. v. Roberts, 146 Okla. 140, 294 P. 180; Skelly Oil Co. v. Standley, 148 Okla. 77, 297 P. 235.

We cannot escape the conclusion that if claimant's physical condition and resulting disability were brought about by injury, and then were admitted to have been and could have been supported by medical testimony at the former hearing, he greatly underrated the amount of his disability in the settlement, and compensation paid therefor was inadequate. However, our conclusion in this respect is made with the knowledge that claimant voluntarily settled according to the former award, with the approval of the Commission. His change in conditions must be on a comparative basis with his actual physical condition and disability to labor at the time of the prior award, regardless of what he agreed that it was, and now. See our opinion in Deep Rock Oil Corp. v. Evans, filed November 28, 1933, 167 Okla. 66, 28 P. (2d) 7, as to the duty of the Commission on the trial and of this court on appeal to go behind the former award to the evidence upon which it was based to determine claimant's physical condition and disability then to be compared with what it now is to support an award for a change in conditions. See, also, Southern Drilling Co. v. Daley, 166 Okla. 33, 25 P. (2d) 1082.

The award is vacated.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS and BUSBY, JJ., concur. Mc-NEILL and OSBORN, JJ., dissent.