## KADANE CONSTRUCTION CO. et al. v. LEE et al.

No. 26566.   March 24, 1936.

Butler & Brown, for petitioners.

J. Robin Field and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Kadane Construction Company and its insurance carrier, Casualty Reciprocal Exchange, as petitioners, seeking the review and vacation of an award made by the State Industrial Commission in favor of the respondent W. R. Lee. The parties will hereinafter be referred to as petitioners and respondent.

The basic facts are not in dispute and

may be briefly stated as follows: Respondent while in the employ of the petitioner Kadane Construction Company sustained an accidental personal injury which was compensable under the Workmen's Compensation Law of this state. Petitioner promptly furnished respondent with necessary medical attention and paid him compensation for the temporary total disability incident to and occasioned by said injury. On June 12, 1934, after a hearing had for the purpose of determining the extent of respondent's permanent disability and the rate of compensation to be paid, the State Industrial Commission found that the respondent had sustained a permanent partial disability resulting in a 40 per cent. loss of the use of his left leg, and that this was due to the accidental injury, and awarded him compensation for 60 weeks on account thereof. This award was subsequently paid by the petitioners.

Thereafter, on January 12, 1935, the respondent filed with the State Industrial Commission a petition to reopen the cause on the ground of an alleged change for the worse in his condition. Hearings were conducted on this application, and upon the conclusion thereof on July 23, 1935, the commission found that the degree of disability in the loss of the use of respondent's leg had increased 25 per cent. over the condition prevailing at the former hearing, and awarded respondent 37½ weeks' additional compensation for this increased disability. It is this award that we are now called upon to review.

Petitioners assign four specifications of error and present them under two propositions which may be summarized as follows:

(a) Petition of respondent to reopen on account of change of condition was prematurely filed, and consequently the State Industrial Commission was without jurisdiction to entertain it.

(b) The evidence was insufficient to sustain an award on the ground of a change of condition.

In support of the first contention petitioners urge that when the commission entered the order and award June 12, 1934, granting respondent 60 weeks' compensation, it thereby lost jurisdiction of the cause until the expiration of this period, for the reason that by the terms of said award the respondent was receiving the full compensation to which he was entitled during said period. Petitioners frankly concede that they have been unable to find any decisions which support their contention in

this respect. We apprehend that this is due to the fact that the petitioners have confused the period of allowable compensation and the effect of the successive awards, it appearing that they are laboring under the impression that the second award having been made prior to the expiration of the first, this would result in double compensation for a part of the period. A little reflection will disclose the fallacy of this argument. Under the provisions of subdivision 3, sec. 13356, O. S. 1931, the State Industrial Commission had authority to award compensation for a period not to exceed 150 weeks for the loss of a foot or for the loss of the use of a foot, and where the loss is less than total, then to award compensation for such proportionate number of weeks as the partial loss bears to the total. So, in the instant case, had the evidence warranted such action, the commission might have made an award for any number of weeks less than the total, and the fact that they made an award for only 60 weeks in the first instance, and subsequently added 37½ weeks to the compensation payable to the respondent, would not constitute an excessive award nor an increase in the weekly compensation payable. While the hearing on the change of condition was entertained and heard during the period for which compensation was being paid the additional 37½ weeks were not payable until the expiration of the prior 60 weeks. Petitioners appear to have lost sight of this in their argument. The petitioners concede that the jurisdiction of the commission is a continuing one on the ground of change of condition, but urge that this is only true where the period of compensation awarded has been completed. We cannot agree with this contention or theory. As pointed out by Mr. Justice Riley, speaking for this court in Gilliland Oil Co. v. State Industrial Commission, 135 Okla. 21, 273 P. 208:

"Under section 7296, C. O. S. 1921, upon its own motion, or upon the application of any party in interest, on the ground of a change in condition, the commission may at any time review an award."

This is in line with what we previously announced in the case of U. S. Fidelity & Guaranty Co. v. State Ind. Com., 125 Okla. 131, 256 P. 892, wherein we said:

"Under section 7296, C. O. S. 1921, the Industrial Commission is authorized on the grounds of a change in the condition of the injured employee to review any award theretofore made, and on such review to increase the award previously made, subject

to the maximum or minimum provided for in the Compensation Act."

We had a somewhat similar condition presented to us in the case of J. E. Mabee, Inc., v. Zieman, 168 Okla. 60, 32 P. (2d) 299, and therein we find the contention dismissed by Mr. Justice Busby in the following language:

"Petitioners next contend that the claimant's motion to reopen was premature and should not have been presented until the expiration of 300 weeks from the date of the first order. No authorities are cited in support of this argument and the same is without merit."

For the reasons advanced in the above cases we are compelled to hold that the contention of the petitioners herein is not tenable.

Petitioners next urge that the evidence before the commission was insufficient to sustain an award on the basis of change in condition as defined by the holdings of this court in Shell Pet. Corp. v. Patton, 167 Okla. 246, 29 P. (2d) 86; Deep Rock Oil Corp. v. Evans, 167 Okla. 66, 28 P. (2d) 7, and Humble Oil & Refining Co. v. Noble, 161 Okla. 35, 16 P. (2d) 1072; and urge that we weigh the evidence offered by the parties at the first hearing and that offered at the second hearing, and to disregard the affidavits of two witnesses which were introduced at the second hearing by a stipulation of the parties and treated as depositions. This we declined to do. As said in Beck Mining & Royalty Co. v. Seay, 144 Okla. 155, 289 P. 1103:

"Where there is any competent evidence to support the award of the commission, this court will not weigh the evidence upon which any finding of fact is based."

The parties by their stipulation submitted the case to the commission on the evidence of two doctors who were not present, as well as other testimony which was introduced, and this was competent and sufficient to sustain the award of the commission. Under these circumstances, since no error of law is presented and there was competent evidence reasonably supporting the award of the commission, we will not disturb it.

Award affirmed.

McNEILL, C. J., and BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur.