## WILCOX OIL & GAS CO. et al. v. SATTERFIELD et al.

No. 27250. Dec. 15, 1936.

Butler & Brown, for petitioners.

Fred H. Fannin and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. On the 17th day of September, 1934, claimant suffered an accidental injury arising out of and in the course of his employment by reason of an injury to his eye while unloading a tank wherein acid substance had been deposited. Petitioner stipulated on Form 7 claimant was paid $32.-27 for three weeks beyond the five-day waiting period.

On the 12th day of June, 1935, after a hearing for permanent partial disability, the commission found that the evidence was insufficient to disclose any permanent disability as a result of said accidental injury, and denied an award.

On February 26, 1936, a motion to reopen the cause on a change of condition was filed, and May 20, 1936, the commission made its finding that claimant had suffered a change of condition and awarded disability of 10 per cent. for the injury to the eye.

It is first urged that under the provisions of section 13367, O. S. 1931, as construed by this court in Baker v. Morris, 176 Okla. 68, 54 P. (2d) 353, the commission was without jurisdiction to grant an award. That provision of our statute is to the effect that

the jurisdiction of the commission to reopen any cause upon application based upon a change of condition shall be extended for the maximum period of time measured by the number of weeks for which compensation could be awarded. The syllabus of that case is as follows:

"Under section 4, chapter 29, Session Laws of 1933, the State Industrial Commission is without jurisdiction to reopen any cause upon an application based upon a change in condition, where said application is filed subsequent to the period of time for which the condition, as changed, would have been compensable if it had existed when the original award was made."

If the order of June 12, 1935, be construed as within the terms of the statute and this opinion, which we do not decide, the order of May 20, 1936, will still be within the 50 weeks' limitation, regardless of the time of the application itself. The case obviously does not come within the statute or the above authority.

It is next urged that since on June 12, 1935, the court denied any compensation, this case comes within the rule announced in Ward v. Beatrice Creamery Co., 117 Okla. 31, 245 P. 570. A casual examination of that case and those following it reveals that they are not in point. See Skelly Oil Co. v. Goodwin, 158 Okla. 288, 13 P. (2d) 135; Gulf Pipe Line Co. v. Keener, 162 Okla. 281, 20 P. (2d) 170; U. S. F. & G. Co. v. State Ind. Com., 115 Okla. 273, 244 P. 432.

It is next urged that there is no competent evidence to support the award. We have several times announced the rule as to the necessary evidence to sustain an award on a motion to reopen because of a change in conditions. Deep Rock Oil Co. v. Evans, 167 Okla. 66, 28 P. (2d) 7; Shell Pet. Corp. v. Patton, 167 Okla. 246, 29 P. (2d) 86; Boardman & Co. v. Clark, 166 Okla. 194, 26 P. (2d) 906; Brown Bros. v. Parks. 176 Okla. 615, 56 P. (2d) 883; Eagle Picher Lead Co. v. Black, 164 Okla. 67, 22 P. (2d) 907; Magnolia Petroleum Co. v. Nalley, 176 Okla. 491, 56 P. (2d) 769; Barnsdall Oil Co. v. State Industrial Com., 178 Okla. 289, 62 P. (2d) 1031.

The rule announced is well exemplified by the last case cited, supra, in which we said:

"The State Industrial Commission is authorized to make an additional award on the ground of change in condition only when the proof shows that there has been a physical change in the ability of the employee to perform the duties of his employ-

ment and that such change has occurred since the last prior order of the Commission."

But when such rule is followed there is no difference in the nature of the evidence necessary to sustain an award on the ground of a change of condition and any other award. Skelly Oil Co. v. Goodwin, supra.

On the first hearing Dr. Hollis testified for the claimant that he found claimant had chronic conjuctivitis, the fundi is pale, cornea is clear, scaly condition of the marginal lids, vision 20/50 in both eyes, and assuming his eyes had been all right before that time and had never given him any trouble before, it was possible but not probable that the accident was the cause of the injury. He fixed the disability as 23.5. At the second hearing Dr. Guthrie testified that he had examined claimant, who gave him the history of his case and found the right eye vision 20/100, no improvement, few fine deposits on posterior surface of cornea, retinal veins engorged and arteries striated; left eye vision 20/100, same as right eye; that he concludes there is a 51 per cent. loss of vision in both eyes, which may be due to toxic condition caused by the above-described accident; that it is permanent, and that in his opinion it is due to the injury of September 17, 1934.

In Deep Rock Oil Co. v. Evans, supra, we said:

"In determining whether there has been such change since the former award, we are not confined to the condition then found by the commission to have been existing, but may consider evidence of what the condition was in fact. We explained the reason for this in Southern Drilling Co. v. Daley, supra. Litigants are required to be diligent, and it is presumed that qualified experts will know as much of the condition as can then be known. To hold otherwise would make the litigation uncertain and interminable. Thus it is that when we come to determine the question of a change in conditions, it is permissible to show by evidence that the condition then was not what the commission adjudicated it to be, but was the same as it is now. The purpose of such evidence is to show that the condition should have been proved. For this same reason, we may look to the evidence which was produced to see if it was not then presented or if the condition now asserted was not asserted then."

This rule is followed in Barnsdall Oil Co. v. State Industrial Com., supra, where it is held if the facts as to the disability in the first and second hearings are the same, or that there is no proof that they are not the same, a mere opinion will not serve to es-

tablish the necessary fact of change of condition.

It will be seen, therefore, that the two doctors testified as to wholly different physical facts with relation to the injury to the eye. We are of the opinion that when the rule announced in the above cases is applied, there is competent evidence of a change in condition.

The award is affirmed.

McNEILL, C. J., and BUSBY, PHELPS, CORN, and GIBSON, JJ., concur.