## WETHERBEE ELECTRIC CO. et al. v. COLLIER et al.

No. 26785.   June 8, 1937.

Rehearing Denied July 13, 1937.

Second Petition for Rehearing Denied Sept. 14, 1937.

Twyford & Smith and William J. Crowe, for petitioners.

Fred M. Hammer, M. J. Parmenter, and Mac. Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by the Wetherbee Electric Company and its insurance carrier, as petitioners, to obtain a review of an award made by the State Industrial Commission in favor of the respondent J. C. Collier. The parties will hereinafter be referred to as petitioners and respondent.

On January 27, 1934, the respondent sustained an accidental personal injury arising out of and in the course of his employment, which resulted in the fracture of a bone in the heel of his right foot. The petitioners furnished necessary medical attention and paid compensation for a time, and then filed application to discontinue payments, which was denied by the commission. Thereafter, on June 25, 1934, the parties filed with the commission a stipulation and receipt wherein it was stated that the temporary total disability of respondent had terminated on June 20, 1934, and payment of compensation due therefor in the sum of $251.60 was acknowledged. On the same day the respondent applied to the commission for a determination of his permanent partial disability. After hearings held on this application the commission, on September 24, 1934, entered an order wherein it found that respondent had a 15 per cent. permanent partial disability in his right foot as a result of his accidental injury, and awarded him compensation for such disability. The petitioners complied with the order and award thus made.

Thereafter, on May 31, 1935, the respondent requested the commission to reopen the cause and to award him further compensation on account of a change in the condition of his foot for the worse. Pursuant to hearings held on this application the commission, on October 18, 1935, entered the order and award which we are now called upon to review. Therein the commission found that the respondent had a change of condition for the worse and then had a 25 per cent. permanent partial loss of use of his right foot, and awarded him compensation for the 10 per cent. additional permanent partial disability. The petitioners challenge the finding of the commission with respect to a change of condition on the ground that it is without the support of any competent evidence. At the hearings conducted on a change of condition and which culminated in the aforesaid order and award, Doctors Walker and Shaw testified on behalf of the respondent. These doctors had examined the respondent for the first time during the months of September and October, 1935, and neither of them had had an opportunity to examine or observe the condition of respondent at

any time prior to the award in September, 1934. Each of these doctors found at the time of their examinations that the respondent had a permanent partial disability on account of his right foot, which in their opinion approximated 40 per cent. Dr. Walker further testified that he had examined two sets of X-ray plates, one of which was made in April, 1934, and the other some time in 1935, and from these plates, which were pictures of respondent's right foot, there was evidence of change in the pathology. This doctor, however, was unable to state that the plates made in April, 1934, would reflect the condition which existed in September, 1934.. Respondent's testimony was to the effect that there was more stiffness and soreness in his leg than had previously existed. From the testimony of the physicians it appears that respondent's symptoms were almost entirely subjective. The doctors did not attempt to testify as to any physical changes which had occurred in respondent's condition within the preceding year which would in any manner change or alter his use of the limb. Change in condition is always a question of fact to be determined from the competent evidence. An award on the ground of a change in condition is authorized only in those instances where it is shown that there has been a physical change in the ability of the employee to labor or perform work and where such change has occurred since the last prior award of the commission. Deep Rock Oil Corp. v. Evans, 167 Okla. 66, 28 P. (2d) 7; Shell Petroleum Corp. v. Patton, 167 Okla. 246, 29 P. (2d) 86. Proof of condition after an alleged change in condition without proof of condition prior thereto is insufficient to establish any change. Humble Oil & Refining Co. v. Noble, 161 Okla. 35, 16 P. (2d) 1072. A mistake regarding the actual facts existing at the time of an original award cannot be rectified on the theory of a change in condition. Southern Drilling Co. v. Daley, 166 Okla. 33, 25 P. (2d) 1082; Barnsdall Oil Co. v. State Industrial Commission, 178 Okla. 289, 62 P. (2d) 1031.

The evidence offered by the respondent in connection with the proceedings had, and which resulted in the award of September 24, 1934, tended to establish a permanent disability in respondent's right foot of some 25 to 30 per cent. If this condition existed, the finding of the commission that it amounted only to 15 per cent. would not alter the facts or change the true condition, and while respondent attached to his application to reopen an ex parte statement from Dr. White, who had testified at the first hearing, this statement had no evidentiary value, and could not be considered, since the doctor making it was not called as a witness and did not testify at any of the hearings on which the present order is based. Since the evidence of the respondent was confined to conditions existing long subsequent to the prior award of the commission and failed to disclose the actual condition existing at the time the original order was made by the commission, the latter order amounted merely to a change in opinion, and hence is without the support of any competent evidence, and the award based thereon must be vacated as a matter of law. Tulsa Rig, Reel & Mfg. Co. v. Case, 176 Okla. 262, 55 P. (2d) 777.

Award vacated.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur.