## OKLAHOMA PORTLAND CEMENT CO. v. SMITH et al.

No. 27415.   Oct. 26, 1937.

Rehearing Denied Nov. 23, 1937.

314

Warren B. Kice, for petitioner.

Leo J. Williams, Major J. Parmenter, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding to review an award of the State Industrial Commission entered August 7, 1936, finding that Zac Smith sustained an accidental injury on March 26, 1924, and that settlement was made on Form 14 filed with the State Industrial Commission January 12, 1925, by reason of which Zac Smith was paid 150 weeks at $16.50 per week for permament partial disability, or $2,520; that by reason of said accidental injury, and as a direct result thereof claimant's physical and mental condition has grown steadily worse since said settlement on Form 14 until he is now and has been since the 1st day of March, 1932, totally and permanently disabled. An award was made for total permanent disability and the employer seeks to review this award.

The parties will be referred to as petititioner and respondent, meaning by respondent Zac Smith, who appears here by guardian.

The petitioner presents three propositions. Proposition one is that the commission had no jurisdiction to enter the order and that the order is contrary to law; that in the last award the commission found that respondent Zac Smith had steadily grown worse from the date of the accident, and at the time of making said order was totally and permanently disabled; but that the statute of limitation set by the Session Laws 1933, chapter 29, which amended section 13367, O. S. 1931, had run against the right to reopen the cause. We think this is not so by reason of the holding of the court in Magnolia Petroleum Co. v. Watkins, 177 Okla. 30, 57 P. (2d) 622. In that case the claimant was injured March 2, 1928. On October 15, 1932, he was given the first award. On July 8, 1933, after the effective date of the act, to wit, May 3, 1933, he filed his application to reopen, and on May 21, 1934, was awarded an additional 15 per cent. permanent partial disability. The court held:

"The State Industrial Commission is not divested of jurisdiction to reopen a cause upon an application based upon a change in condition by the latter paragraph of section 4, chapter 29, Session Laws 1933, said application having been filed subsequent to the date said act became effective, where it appears that the claimant had sustained a change in condition prior to the effective date of said enactment."

Here the State Industrial Commission found respondent sustained a change in condition prior to May 3, 1933.

The second proposition is that there is no competent evidence to sustain the finding of the State Industrial Commission that respondent Zac Smith had suffered a change in condition since the original award. The employer's first notice of injury filed April 9, 1924, stated that the respondent stepped on a loose board and fell and hurt his hip while employed about the kiln of the petitioner at Ada, Okla.; that he was placed in Brico Hospital at Ada, Okla., where it was determined that he had a bursted joint and the ligaments were torn loose in his back. The report of initial payment filed August 27, 1924, stated that his left hip was sprained and back sprained. The attending physician's report filed August 30, 1924, gave, under the heading "Give an accurate description of the nature and extent of the injury," the following:

"Impacted fracture of neck of femur (left) sprained ligaments hip joints and back. Also impacted fracture of one of lumbar vertebra."

And under the statement:

"Has the injury resulted in a permanent disability, Yes."

And under the following question:

"If so, what? Impairment to use of left leg also impairment of nervous system from injury to spine."

On January 2, 1925, there was a medical report filed by Dr. Blesh which substantiated the condition set forth in these reports, and on the 12th day of January, 1925, the Form 14 Settlement was made, in which the 150 weeks' compensation was paid. In his medical report Dr. Blesh stated respondent should have about 50 per cent. disability. This settlement was approved January 19, 1925, and final receipt filed January 26, 1925. This is all the record contains until the motion to reopen was filed January 22, 1935. We are of the opinion that these

instruments, together with the commission's order and finding approving the settlement based upon permanent partial disability, constitute the stipulated fact that he was permanently and partially disabled. We have said in Kansas Explorations, Inc., v. Wright, 173 Okla. 411, 49 P. (2d) 65:

"On a hearing upon the ground of a change in condition, a stipulation of facts as to an employee's condition theretofore entered into and filed with the commission may be considered as evidence of the facts so stipulated."

The record shows that he thereafter earned something; therefore, he had an earning capacity: and it shows that he now is totally mentally incompetent, and therefore unable to earn anything. The remaining question is, Does the evidence sustain the finding of the State Industrial Commission that his total and permanent disability resulted from the injury of March 26, 1924?

Zac Smith is now declared totally mentally incompetent and he has been under guardian since the proceedings in the county court of Pontotoc county August 30, 1934. Dr. M. M. Webster states that he is totally and permanently disabled from following any gainful occupation or doing any manual labor. Dr. Erwin, after an examination of the respondent and after giving a complete and detailed report, stated that the respondent had suffered a change in condition since the date of the last award, and that he was now totally and permanently disabled. He gave it as his further opinion that such change in condition was a result of the accidental injury of March 26, 1924. We have said that the State Industrial Commission is authorized to make an additional award on the ground of a change in condition when the proof shows that there has been a physical change in the ability of the employee to perform the duties of his employment and that such change has occurred since the last prior order of the commission. Wilcox Oil & Gas Co. v. Satterfield, 178 Okla. 418, 63 P. (2d) 696.

It is a settled rule that where the injuries complained of are of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be determined by the testimony of skilled and professional persons. Oklahoma Hospital v. Brown, 87 Okla. 46, 208 P. 785; Fain Drilling Co. v. Deatherage,

179 Okla. 409, 65 P. (2d) 1212; Wilcox Oil & Gas Co. v. Satterfield, supra.

The award is affirmed.

OSBORN, C. J., and RILEY, CORN, GIBSON, and DAVISON, JJ., concur.