## GENERAL ACC. FIRE & LIFE ASSUR. CORP. et al. v. MOWRY et al.

### No. 35862.

Supreme Court of Oklahoma.

Sept. 29, 1953.

Rehearing Denied Oct. 27, 1953.

Savage, Gibson & Benefield, Oklahoma City, for petitioners.

Homer Thompson, Claud Briggs, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, Vice Chief Justice.

This is a proceeding brought by the employer, Empire Cleaners and Tailors, and its insurance carrier, General Accident Fire and Life Assurance Corporation, as petitioner, to review an award made to the claimant, F. W. Mowry for a change in condition.

The record discloses that on the 9th day of July, 1946, claimant sustained an accidental injury arising out of and in the course of his employment with the Empire Cleaners and Tailors when he injured his back. He was awarded compensation for this injury in an order of the State Industrial Commission dated November 14, 1947, which found that he had sustained a 10 per cent disability to the body as a whole. On the 11th day of February, 1952, the claimant filed an application for an additional award on the ground of change of condition. After hearings conducted to determine the extent of disability the State Industrial Commission entered its order November 12, 1952, finding that by reason of a change in condition due to the accidental injury claimant had a disability of 55 per cent. This is the award we are called upon to review.

The record further discloses that after November 1947, claimant quit work for the employer and went to work for the Oklahoma Publishing Company. He quit work there in 1948 and obtained a job as counter sales clerk for an electrical concern in Chickasha, Oklahoma. He quit work there on March 10, 1951. Since that time he has been working for the Department of Public Welfare and was so working on April 29, 1952.

Dr. M stated that in his opinion claimant had a herniated disc; that he had grown consistently worse since his former injury July 9, 1946, and that the disability was due to the original accidental injury. Dr. M had treated claimant prior to his first award. Dr. T supported the testimony of Dr. M as to the extent of disability except that he stated claimant was totally disabled from performing ordinary manual labor. McBride's Clinic filed a report signed by Dr. E M and offered by the petitioners and this report supports the above testimony as to the degree of disability although Dr. E M states that the disability is not due to the original accidental injury.

Petitioners first assert that there is no competent evidence in the record reasonably tending to support the finding of the State Industrial Commission that there was a change of condition due to the accidental injury. Petitioners cite Wetherbee Electric Co. v. Collier, 180 Okl. 473, 71 P.2d 312; Deep Rock Oil Co. v. Evans, 167 Okl. 66, 28 P.2d 7, 9, and related cases. In Deep Rock Oil Co. v. Evans, supra, the court had under consideration a disability to a thumb. Therein it is stated:

"* * * The change in conditions now asserted is based upon a weak showing that the stub of the second phalange of the thumb has become sore and tender and no showing that the same is permanent. Since, however, we are required as a matter of law to treat the former condition as entailing disability of the entire thumb, claimant cannot as a matter of law suffer a change in conditions therein resulting in any additional disability to the thumb, and cannot, therefore, recover additional compensation for such change in physical condition as he may have undergone."

We have examined the other cases cited by petitioners and they are likewise distinguishable. These cases do not apply where there is a small amount allowed for a back injury and competent evidence to support a greater extent of disability caused by the original injury.

In Oklahoma Portland Cement Co. v. Smith, 181 Okl. 313, 73 P.2d 446, 448, it is stated:

"The State Industrial Commission is authorized to make an additional award on the ground of a change in condition when the proof shows that there has been a physical change in the ability of the employee to perform the duties of his employment and that such change has occurred since the last prior order of the Commission. Wilcox Oil & Gas Co. v. Satterfield, 178 Okl. 418, 63 P.2d 696."

See, also, in this connection Graner Const. Co. v. Brandt, 180 Okl. 221, 68 P.2d 788 and Brooks & Dahlgren v. Pettigrew, 195 Okl. 550, 159 P.2d 743.

The testimony of the medical experts referred to above supports the finding of the State Industrial Commission. See, City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094. There is competent evidence reasonably tending to support the finding of the State Industrial Commission that there was a change in condition due to the original injury.

In a second proposition it is argued that the evidence wholly fails to support the claim of a change of condition to the extent of 55 per cent as found by the State Industrial Commission. We do not agree. In the original order the disability was fixed at 10 per cent. In the order under consideration it was fixed at 55 per cent. Dr. M testified that there had been a change in condition and that his disability was 55 to 60 per cent. Dr. T stated that claimant was unable to perform ordinary manual labor. The extent of disability due to a change of condition is a question

of fact and if there is any competent evidence reasonably tending to support the finding made by the State Industrial Commission in this respect such finding will not be disturbed on review. Oklahoma Portland Cement Co. v. Smith, supra; Dennehy Const. Co. v. Kidd, 192 Okl. 463, 137 P.2d 535.

Award sustained.

HALLEY, C. J., and WELCH, CORN, DAVISON, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.