EL RENO TRAILERS and Mid-Continent Casualty Company, Petitioners,

v.

Clarence HOUSE and the State Industrial Court, Respondents.

No. 39928.

Supreme Court of Oklahoma.

June 5, 1962.

Grady H. Holloway, W. L. Funk, John W. Lee, Oklahoma City, for petitioners.

Marx Childers, Harkey & Childers, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

IRWIN, Justice.

Clarence House, hereinafter called claimant, sustained an accidental injury July 19, 1957, and obtained an award against his employer, El Reno Trailers, for 32 per cent permanent partial disability to the body as a whole. This award was entered August 22, 1958. Thereafter claimant filed a motion to reopen on change in condition. On November 13, 1961, the State Industrial Court entered an award for permanent total disability. This proceeding is brought by the employer and its insurance carrier, Mid-Continent Casualty Company, to review the award.

The accidental injury resulted in a disability to the back, hip and leg. In April, 1958, claimant was operated for a spinal injury occasioned by the accident and L–4 and L–5 of the vertebra were fused. Claimant returned to work in December, 1958. He worked at several jobs for a few days on each job. Finally in January, 1960, he "got down" and went to Dr. H who treated him for five weeks. He was placed in a hospital in Texas and treated by Dr. L. He left the hospital in March, 1961. Since then he has performed no gainful labor.

The single argument presented in one proposition by petitioners is there is no competent evidence reasonably tending to support the award of the State Industrial Court. The disability is such that it must be established by evidence of medical experts. City of Kingfisher et al. v. Jenkins et al., 168 Okl. 624, 33 P.2d 1094. The State Industrial Court is authorized to make an additional award on the ground of a change in condition when the proof shows that there has been a physical change for the worse in the condition of the employee due to the original injury and that such change has occurred since the last prior additional disability. Board of County Commissioners of Oklahoma County v. State Industrial Commission et al., 184 Okl. 133, 85 P.2d 396; Phillips Petroleum Co. v. Anguish et al., 201 Okl. 691, 209 P.2d 689; General Acc. Fire & Life Assur. Corp. et al. v. Mowry et al., Okl., 262 P.2d 421; Oklahoma Gas & Electric Co. et al. v. State Industrial Court et al., Okl., 366 P.2d 609;

and Spartan Aircraft Co. v. Stockton et al., Okl., 370 P.2d 13.

 Dr. L filed a report which, although inconclusive as to the cause of the disability and as to whether it is permanent or total, shows a condition of claimant which has changed for the worse since the award formerly made. Dr. O filed three reports. Petitioners state his first report shows that the disability of claimant is at least not all due to the accidental injury. In two subsequent reports Dr. O modified this first report. In his final report it is stated:

"In order to clarify my previous reports on this patient, I would like to state that it is my opinion that the injury of August 1957 aggravated, exacerbated or accelerated the condition of his back and is responsible for his present disability."

We are of the opinion and hold there is competent evidence reasonably tending to support the finding that there has been a change in condition of claimant and that he is permanently and totally disabled by reason of the accidental injury of July 19, 1957, and that such change has occurred since the last prior award. In Oklahoma Gas & Electric Co. et al. v. State Industrial Court et al., supra, it is stated:

"Although nowhere in his report did Dr. J. specifically state that claimant's condition had undergone a change for the worse since the original award, the probative value of his testimony remains unimpaired. A physician need not give his opinion in categorical terms nor in the precise language of the statute. Woodward & Co. v. State Industrial Comm., Okl., 349 P.2d 638. A finding of the trial tribunal rests on competent evidence when it is supported by the general tenor and intent of the expert testimony. * * *"

See also, City of Kingfisher v. Jenkins, supra.

In General Acc. Fire & Life Assur. Corp. v. Mowry, supra, we discussed certain cases concerning the sufficiency of medical evidence required to support a finding of a change in condition. Therein we stated:

"* * * These cases do not apply where there is a small amount allowed for a back injury and competent evidence to support a greater extent of disability caused by the original injury."

There is competent evidence reasonably tending to support the finding of the State Industrial Court and the award is sustained.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, HALLEY, JOHNSON and BERRY, JJ., concur.