**HOLLIMAN DRILLING COMPANY and Hartford Accident and Indemnity Company, Petitioners,**

v.

**Silas F. HERRELL and the State Industrial Court of the State of Oklahoma, Respondents.**

**No. 40847.**

Supreme Court of Oklahoma.

Sept. 22, 1964.

Rehearing Denied Nov. 4, 1964.

Application for Leave to File Second Petition for Rehearing Denied Nov. 24, 1964.

Fenton, Fenton, Smith & McCaleb, Oklahoma City, for petitioners.

Harley E. Venters, Oklahoma City, Charles R. Nesbitt, State Atty. Gen., for respondents.

DAVISON, Justice.

On December 7, 1960, Silas Floyd Herrell, hereinafter referred to as claimant, filed his first notice of injury and claim for compensation against Holliman Drilling Company, referred to as petitioner, and Hartford Accident and Indemnity Company, its insurance carrier. On December 19, 1960, he filed an amended claim for disability under occupational disease statutes of the Workmen's Compensation Law. Therein he stated that in June, 1960, while employed by petitioner and while engaged in his employment, he sustained an accidental personal injury consisting of dermatitis because of his contact with crude oil. On December 22, 1960, petitioner filed its Form No. 2, Employer's First Notice of Injury, stating that claimant was injured in the course of the employment when his hands became infected from contact with oil and grease.

On August 22, 1961, a trial judge of the State Industrial Court entered an order finding that claimant had sustained an ac-cidental personal injury arising out of and in the course of his hazardous employment with petitioner, within the terms and meaning of the Workmen's Compensation Law, in June, 1960, consisting of dermatitis; that claimant had lost no compensable time by reason of said injury; that petitioner and its carrier pay certain ·medical bills incurred by claimant and that claimant had sustained 20 per cent permanent partial disability to his body as a whole.

Petitioners complied with that order and the award has been paid in full.

On September 4, 1963, claimant filed a motion to reopen his claim alleging that since the last order and award "his condition has materially changed for the worse in that he is now in need of medical treatment on account of his said injury." After hearing the evidence on said motion, the trial judge on November 7, 1963, found the evidence sufficient to sustain claimant's contention; found that claimant had been temporarily totally disabled since July 7, 1963, and was still temporarily totally disabled and in need of further medical treatment, and ordered petitioners to pay claimant compensation from July 7, 1963, to November 9, 1963, and to continue said compensation for a period of not to exceed 300 weeks and to furnish claimant further medical treatment. That award was affirmed on appeal to the Industrial Court en banc.

Petitioner and its insurance carrier bring the case here for review and advance two propositions for vacating the award:

"1. The evidence is insufficient to support the finding ·that respondent sustained a change of condition for the worse.

"2. The evidence is insufficient to support the finding that the respondent is entitled to compensation for temporary total disability from July 7, 1963, through October 13, 1963."

We have held many times that where an injured employee seeks an additional award for an injury which is compensable under the Workmen's Compensation Law he has the burden of proving that there has been a change in his physical condition which has lessened his ability to labor and perform work and that such change has occurred since the last prior· award and is attributable to the original injury before the State Industrial Court is authorized to make such an award. See Standard Brands, Inc. v. Gregor, Okl., 328· P.2d 181; Sigler v. Tillery and Jones, Okl., 292 P.2d 423; Sinclair Refining Co. v. Duncan, Okl., 297 P.2d 563; Wilcox Oil and Gas Company v. Satterfield, 178 Okl. 418, 63 P.2d 696, and related cases.

We feel from the evidence claimant has. sustained that burden.

At the hearing on his motion to reopen· claimant testified that after the award on. August 22, 1961, he continued working for petitioner as a pumper doing the same type· of work he had done prior to the award. and prior to his original injury; that he· worked for petitioner until petitioner sold' out to Bradley Producers some fifteen months prior to July 6, 1963, when claimant had to quit work because of his condition; that he also did the same type of work· for Bradley Producers; that on July 6, 1963, his hands, feet and legs "got sore and swelled up" and "he had to quit work;" that on July 8, 1963, he went to Dr. O who had: treated him prior to the award. Dr. O examined claimant and began treating him: again. Claimant further testified that he· then went to another doctor in Tulsa, Okla-homa, who hospitalized claimant from. about July 12 to July 27, 1963; at that time· he had open· sores on his hands, feet and. legs and that he "took blood poisoning with. them;" that he returned to the hospital. on October 12, 1963, and remained there through the 19th day of October, 1963. He· testified that he had not been released by the two doctors treating him; that his condition was worse than it had been at the time·

of the award and that he had been unable to work since July 6, 1963, because of his condition.

At the time of the hearing the trial judge took notice of claimant's condition and observed for the record that there was an extensive rash on both of claimant's legs from the toes and ankle "on up to the thigh as far as the pants legs will raise," and that there was also a rash on the upper portion of the body, and on both hands and arms and that the hands were "very red and a great deal of discoloration" and that "both ears are definitely red and appear dry and some scaly effects on them."

The claimant also testified that after he had quit Bradley Producers, his last employer, Bradley paid him sixty dollars a week for a period of fourteen weeks. This is the basis for petitioner's second proposition.

Dr. O testified for claimant by way of a written report dated September 13, 1963. He stated therein:

"I saw Mr. S. F. Herrell 8th of July 1963. He had acute eczamatous dermatitis hands and forearms and wrists and in need of treatment which I started and was temporarily totally disabled at that time."

Dr. B, who testified for claimant at the first hearing when the award was made again testified for claimant by written report dated November 6, 1963, addressed to claimant's attorney. He stated:

"In compliance with your letter of July 31, 1963, I am sending you this report of the physical examination performed on Mr. Silas F. Herrell. You already have a copy of the report which I made concerning Mr. Herrell on May 4, 1961.

"Since that time he stated that he has been treated by Dr. Owens for 2 or 3 months, then returned to work with the Gibson Oil Company. (Gibson Oil Company is Gibson Holliman

Oil Company) Four weeks ago he broke out on his hands, feet, face and body and returned to Dr. Owens who treated him and told him to return in one week. In view of the fact that his condition continued to get worse he changed doctors and went to a Dr. Waller at Tulsa, Oklahoma, who diagnosed blood poisoning and hospitalized him for two weeks. He was discharged from the hospital July 26 and is to return for further treatment on August 9th. At the present time he is using a powder in his bath water and is taking a red and brown capsule four times daily.

"Examination on July 31st revealed the skin on his hands and feet to be erythematous and covered with dry scales. This extends up on both legs to just below the knees. He is apparently recovering from his last episode of eczematoid dermatitis but he still needs further treatment and should be kept under observation for the next month or so."

Although nowhere in their reports did Dr. O and Dr. B specifically state that claimant's condition had undergone a change for the worse since the original award, the probative value of their testimony remains unimpaired. A physician's opinion need not be given in categorical terms nor in the precise language of the statute. Woodward and Company v. State Industrial Commission, Okl., 349 P.2d 638; Skelly Oil Company v. Admire, Okl., 293 P.2d 349. A finding by the trial tribunal rests on competent evidence when it is supported by the general tenor and intent of the expert testimony. Fullhart Maytag Co. v. Stapleton, Okl., 356 P.2d 350; Sappington-Hickman, Inc. v. State Industrial Commission, Okl., 262 P.2d 707.

The general tenor and intent of the reports of Drs. O and B is that claimant has suffered a change of condition for the worse in that he was temporarily totally

disabled on July 8, 1963, when treatment was started and on July 31, 1963, when he was examined by Dr. B who stated that claimant still needed further treatment and should be kept under observation for the next month or so.

 We think the statements of the above doctors, when considered in connection with the undisputed evidence that claimant had never quit work from the time of his first onset of dermatitis until July 6, 1963, when he had to cease work because of his condition and had been hospitalized for the first time since the original infection for two different periods, is sufficient evidence to sustain the finding of the State Industrial Court that claimant had suffered a change of condition for the worse since the first award; that such condition was attributable to the original injury, and that claimant was temporarily totally disabled and in need of further medical treatment.

 As to petitioners' second contention, we fail to comprehend how petitioners would be entitled to credit for the payment of wages to claimant by Bradley Producers, claimant's last employer. The State Industrial Court did not find any liability on the part of Bradley Producers for claimant's condition. It did find that claimant was temporarily totally disabled during the fourteen weeks in question. The evidence is that claimant did not work during that period to earn the payments.

Therefore, since the payments by Bradley Producers to claimant, whether termed wages, sick benefits or gift, did not cost either of petitioners nor prejudice their rights herein, the latter contention is without merit.

The order of the State Industrial Court is sustained.

BLACKBIRD, C. J., HALLEY, V. C. J., and JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.