**NATIONAL ZINC COMPANY and Hartford Accident and Insurance Company, Petitioners,**

v.

**Kenneth W. THOMAS and the State Industrial Court, Respondents.**

**No. 48076.**

Supreme Court of Oklahoma.

July 27, 1976.

Covington, Farrar & Poe by A. M. Covington, Tulsa, for petitioners.

Stipe, Gossett, Stipe & Harper by Eddie Harper and John Estes, Oklahoma City, and Larry Derryberry, Atty. Gen., Oklahoma City, for respondents.

DOOLIN, Justice.

Petitioners, hereafter Respondents, seek review of an order awarding additional compensation for increased disability resulting from change of condition for the worse subsequent to the last prior order.

Claim for compensation, filed after retirement in 1968, alleged disability from pulmonary emphysema caused by occupational disease. Medical evidence was in agreement as to Claimant's total permanent disability, but in severe conflict as to cause of disability.

Claimant presented medical reports of three examining physicians. One did not evaluate disability, but did not consider industrial exposure highly significant in regard to condition. Another found 50% diminished breathing capacity, but considered exposure to working conditions caused and aggravated emphysema and further strained Claimant's diseased heart.

Dr. M. T. B., Jr., reported findings consistent with ischemia of left ventricle and possible old myocardial infarction analyzed breathing tests and evaluated disability:

"In summary, Mr. Thomas does have arteriosclerotic heart disease with atrial fibrillation and myocardial ischemia. He has dilatation of the thoracic aorta and possibly a fusiform aneurism. He does have pulmonary emphysema. It is my opinion that the pulmonary emphysema was aggravated, accelerated and possibly precipitated by his exposure to smoke and fumes at the National Zinc Plant. And that this condition of pulmonary emphysema further aggravates his cardiac and vascular statis. In my opinion this man is 100% permanently disabled to the body as a whole as a result of this combination of diseases."

On April 15, 1969, a Trial Judge approved Form 14 agreement settling permanent partial disability resulting from emphysema and heart condition for 35% disability to body as a whole resulting from occupational disease. The approved Form 14 recited settlement for injury to lungs, although agreement executed specified, and medical evidence showed disability to heart question as to causation.

On July 20, 1973, Claimant moved to reopen the case for change of condition for the worse. Upon hearing, Claimant testi-

fied his primary complaint was shortness of breath and this condition was worse than in 1969, because unable to mow his lawn or walk more than two blocks without resting. He had been unable to work since 1969, and remained totally disabled.

Respondents introduced a report from Dr. W., based upon review of earlier findings, and an extensive physical examination. Claimant had considerable cardiac involvement which had increased since retirement, and slight increase in pulmonary emphysema. The report concluded:

" * * * I would agree at this time that the percentage of disability allowed for pulmonary and heart disease was proper. I feel that the increase in severity of these problems at this time is related to normal progression of these diseases, and would not suspect that this could be related to his employment, since he has not worked since his initial disability was given."

Claimant's medical evidence concerning change of condition consisted of a report from Dr. M. T. B., Jr., stating further examination showed vital capacity had decreased and Claimant was shorter of breath than when examined originally. Disability was evaluated:

"On examination, he is more short of breath than he was in the previous examination. His Vital Capacity has decreased and the One-Second Vital Capacity has decreased."

"It is my opinion that this man is still 100% permanently disabled to the body as a whole to do ordinary manual labor and his condition has deteriorated since the previous examination."

A Trial Judge found Claimant had sustained change of condition for the worse resulting from heart condition and emphysema set forth in Form 14 settlement. These conditions arose out of and in course of employment and resulted in permanent total disability, which represented increase of 65% disability due to change of condition. An order awarding additional compensation for 325 weeks was affirmed by State Industrial Court on en banc appeal.

Respondents assert State Industrial Court lacked jurisdiction to make any order because Claimant was totally permanently disabled when settlement was made, and remained totally disabled when the case was reopened for alleged change of condition. This conclusion rests upon our decision in *Brown Bros. v. Parks,* 176 Okl. 615, 56 P.2d 883, which announced these rules:

"1. The State Industrial Commission has a continuing power and jurisdiction to review its award on the ground of a change in condition only, and the award is final and conclusive on all questions within its jurisdiction unless proceedings are commenced in this court within 30 days after the rendition thereof to review said award and decision.

"2. A change in condition which will authorize an additional award by the State Industrial Commission must be based upon a physical change in the ability of the employee to perform work or labor and must occur subsequent to the last preceding order or award made by the commission in the employee's favor."

▉▉▉ To support this order, Claimant points to statutory authority, 85 O.S.1971, § 28, for reopening awards and cites numerous decisions expressing recognized principles assertedly dispositive of the present case. Summarized, these decisions hold a claim for additional benefits for change of condition is not foreclosed by a prior, adverse final order unless the issues in the later proceeding were concluded by the Trial Court's prior adjudication. *Nuway Laundry Company v. Hacker* (Okla.1964), 396 P.2d 659. An award for change of condition is authorized when proof shows a physical change for the worse has lessened ability to labor and perform work, is attributable to the original injury and has occurred since the last prior order or award. *Friendly Chevrolet Company v.*

*Pointer* (Okla.1970), 472 P.2d 437. State Industrial Court finding as to extent of disability resulting from change of condition is a question of fact which will not be disturbed on review when supported by competent evidence. *Holliman Drilling Company v. Herrell* (Okla.1964), 397 P.2d 148.

Although undoubtedly a correct statement of principles applicable to adjudication of change of condition, inapplicability of these decisions as basis for upholding the present order is apparent.

Medical evidence offered to establish injury in 1969 unqualifiedly established claimant was totally and permanently disabled. The evidence was conflicting as to causation of disability. Medical reports of two physicians for claimant acknowledged existence of heart condition, aggravated by pulmonary emphysema induced by industrial exposure. Dr. M. T. B., Jr. recognized claimant's heart problems, and considered his findings consistent with ischemia and possible old myocardial infarction. The emphysema aggravated claimant's cardiovascular status.

Respondent's medical evidence reflected claimant was afflicted chiefly by hypertensive arteriosclerotic heart disease, which combined with emphysema to produce shortness of breath. Heart condition had been treated for approximately 7 years, resulted from natural causes rather than occupational hazards, and constituted 75% of claimant's then existing total disability.

The medical evidence introduced at hearing on claim for 1969 injury agreed as to extent of disability. Following this hearing claimant voluntarily entered into Form 14 settlement of this claim for 35% permanent partial disability. The settlement agreement recited and settlement was made for injury resulting from emphysema and heart condition, although the hearing judge recited settlement was for injury to the lungs only. The fact compensation for total disability was settled for agreed 35% permanent partial disability and approved by trial judge, only established an award for percentage disability. *Barnsdall Oil Co. v. State Ind. Comm.*, 178 Okl. 289, 62 P.2d 1031. Whether the parties were mistaken as to actual extent of disability at that time, or considered compromise advantageous in view of proof concerning causation, the settlement cannot be changed or a mistake rectified later on application for change of condition.

The application to reopen on change of condition does not encompass review of the Form 14 settlement for correction. Under 85 O.S.1971 § 29 and settled decisional law, application for change of condition provokes inquiry as to whether there has been a physical change in an employee's ability to labor and to perform duties of his employment since last prior order or award and is attributable to original injury. *Deep Rock Oil Corp. v. Evans*, 167 Okl. 66, 28 P.2d 7; *Wetherbee Elec. Co. v. Collier*, 180 Okl. 473, 71 P.2d 312; *I.T.I.O. Co. v. State Industrial Comm.*, 185 Okl. 68, 89 P.2d 933; *Holliman Drlg. Co. v. Herrell* (Okl.) 397 P.2d 148; *Bryant-Hayward Drlg. Co. v. Cook,* (Okl.) 483 P.2d 1131.

Claimant's primary complaints were shortness of breath and weakness, inability to walk as far without resting, mow his lawn, or work in his little shop. The change of condition relied upon is expressed as deterioration of claimant's condition since 1969, although claimant was reported 100% disabled at that time. The only evidence of increased disability was that of claimant, who testified to greater physical debility. The only medical evidence reported deteriorating physical condition. No evidence established showed claimant had suffered physical change in ability to perform duties of employment since the last award. Lessening of physical ability to perform ordinary acts or chores unconnected with employment are insufficient criteria for showing change of condition; i.e., inability to grip with hand, as in *Barnsdall*, supra; more stiffness and soreness of injured leg, as in *Wetherbee,*

supra; tenderness and soreness in stub of amputated thumb, *Evans,* supra.

 Competent medical evidence, and claimant's own testimony, unequivocally showed total permanent disability following 1969 injury. The only evidence supporting change of condition showed lessening of physical ability in daily pursuits, unrelated to physical change in claimant's ability to perform duties of his employment. The ultimate in disability is permanent total. Circumstances disclosed bring this case within the rule stated in *Brown Brothers v. Parks,* 176 Okl. 615, 56 P.2d 883:

" * * * There was ample evidence to show that the respondent was suffering more pain than at the previous hearing before the commission, but none whatsoever to show that there had been any change in his physical ability to perform work or labor, but, on the contrary, the record clearly shows that he was totally and permanently disabled at the time of the order of the commission dated September 25, 1934, and that he was likewise totally and permanently disabled on July 22, 1935, when the present order and award was made. Where one is totally and permanently disabled this constitutes the ultimate in disabilities, and there can be no increase of disability in such case."

In *Bryant-Hayward Drlg. Co. v. Cook,* supra, we delineated matters which are to be considered in determining change of condition for the worse. And, in that case, p. 1133, declared necessity for medical evidence that whatever disability a claimant last suffers must be greater than disability existing at the time of last hearing. Medical evidence established claimant herein sustained total permanent disability as a result of 1969 injury, and remained 100% disabled at time of application for change of condition. Whether a claimant has sustained change of condition for the worse presents a fact question for State Industrial Court determination. *State Highway Dept. v. Rhine* (Okl.) 411 P.2d

548. An award which is based upon undisputed evidence showing no change in condition resulting in additional physical disability will be vacated. *Deep Rock Oil Corp. v. Evans,* supra.

Award vacated and cause remanded to State Industrial Court with directions to dismiss.

WILLIAMS, C. J., and DAVISON, BERRY and BARNES, JJ., concur.

IRWIN, J., concurs in result.

HODGES, V. C. J., and LAVENDER and SIMMS, JJ., dissent.